THOMPSON *v.* TRELLER.

Opinion delivered March 4, 1907.

1. PRINCIPAL AND SURETY—RELEASE OF SURETY BY FAILURE TO SUE PRINCIPAL.—If Kirby's Digest, § § 7921, 7922, providing that any person bound as surety for another in any bond, bill or note for payment of money or delivery of property may, at any time after right of action has accrued thereon, require the person having such right of action to sue the principal debtor within thirty days, be applicable to the bond of a building contractor, the obligee therein will not be bound to sue the principal debtor where he has absconded from the State, leaving no property therein. (Page 251.)

2. STATUTE AS TO RELEASE OF SURETY—CONSTRUCTION.—Kirby's Digest, § § 7921, 7922, providing for release of a surety where the obligee or payee fails to sue the principal debtor within 30 days, is in derogation of the common law, and should be strictly construed. (Page 251.)

Appeal from Greene Circuit Court; *Allen Hughes,* Judge; affirmed.

*W. W. Bandy,* for appellants.

1. The court erred in charging the jury with reference to the notice that appellants were not thereby protected if they found that Duty had absconded, leaving in the State no property. The statute is unequivocal that a failure to sue after notice is a perfect defense in favor of the sureties. Kirby's Digest, § 7921. It evidently means that the creditor must first learn by suit whether he can collect his debt of the principal before taking action against the sureties. 48 Ark. 254. It was misleading and prejudicial to charge the jury that the notice to sue Duty would have protected the bondsmen, if he had been solvent, or had had property in the State sufficient to satisfy appellee's claim. It makes it necessary that the principal have sufficient property to satisfy the entire claim before notice could be a protection to the sureties. That is not the law.

2. The court erred in denying an instruction requested by appellants based on their defense that the house was not built according to the specifications, thereby ignoring their defense. 77 Ark. 201. The bond was executed for the faithful performance of the contract, and signing it was, under the circumstances, in legal effect, a signing of the contract. 62 Ark. 330. If the specifications introduced were the ones agreed on, the proof shows they were not used. That released the sureties. A surety is a favored debtor. 48 Ark. 442; 24 Am. & Eng. Enc. of L. (1 Ed.), 749.

*J. D. Block* and *S. R. Simpson,* for appellees; *F. H. Sullivan,* of counsel.

1. Statutes relieving a surety upon failure to sue the principal are to be strictly construed. 27 Am. & Eng. Enc. of L. (2 Ed.), 513; 7 Ark. 360; 7 *Id.* 395; 15 Ark. 132; 35 Ark. 469; 33 Ala. 443; 24 Mo. 184. The statute is limited in its application to bonds for the payment of money or property only. Kirby's Digest, § 7921. Bonds with collateral conditions are expressly excluded from its provisions. *Id.* § 7923. See, also, 38 Mo. 432; 13 Ill. 376. The trial court should have refused to submit

this question to the jury at all; but, having done so, and the jury having found against the defense, appellants can not complain. 10 Ark. 17; 18 Ark. 491; 23 Ark. 115; 23 Ark. 519; 46 Ark. 485; *Id.* 542; 72 Ark. 619. If it be held that the statute is applicable in this case, still the instruction was more liberal to defendants than the law contemplates, in that it required both absconding from the State *and* insolvency to avoid the discharge consequent upon failure to obey the notice to sue, whereas absence from the State alone was sufficient. 21 So. 934; 27 Mo. 386; 54 Ind. 289; 8 Wend. 194; 2 Porter, 456. Or insolvency is sufficient. 76 S. W. 317; 13 Wend. 377; 2 Dev. 27; 45 Barb. (N. Y.) 214; 21 *Id.* 249; 25 Hun 167. The creditor may not be compelled to pursue such extraordinary remedies as attachment. *Supra;* 25 S. C. 235; 35 Vt. 476.

2. Appellant's seventh request for instruction was properly refused. An instruction is erroneous which directs a verdict upon stated facts being found, if it ignores facts which the testimony tends to prove, which facts, if found to exist, would result in a different verdict. 77 Ark. 201; *Id.* 453; *Id.* 269; 72 Ark. 295; 65 Ark. 101.

3. Complaint can not be made in this court of the failure of the trial court to give instructions covering a theory of a case, where no request was made therefor in the lower court. Mere non-direction is not error. 74 Ark. 41; 75 Ark. 85; 76 Ark. 163.

4. Departures by the contractor from the contract on his own motion will not relieve the sureties on a builder's bond; only such as the owner directs will have this effect. 35 Neb. 247; 137 N. Y. 488. Appellants, having contracted for alterations in the plans which would not add over $500 to the cost of the building, are bound for alterations within that limit. 30 Wash. 530; 83 Minn. 269; 47 Md. 177; 34 Neb. 670; 119 Mo. 397; 30 Ind. App. 595; 73 Pac. 772. They can not complain if such alterations were made on oral instructions instead of written 32 Wash. 120; 198 N. Y. 241; 72 N. E. 574.

McCulloch, J. A contract was entered into between one S. Duty and appellee, Treller, whereby the former undertook to erect a house for the latter according to the plans and specifications of an architect, and Duty also executed a bond in the sum of $1,500 to appellee, with appellants, Thompson and Coffman, as

sureties, for the performance of the contract. The obligors in the bond, by the terms thereof, acknowledged themselves to be indebted to appellee in said sum of $1,500, on condition that, if the principal should faithfully perform his contract, the obligation should be void. The bond contained a further provision allowing alterations in the original plans and specifications not to exceed $500 in the cost of the building, and that the said sureties expressly assented to any alteration not exceeding that sum and waived notice of any such alterations.

Appellee brought suit on the bond against the sureties, alleging that Duty had abandoned the contract before completion of the building, had failed to perform his contract, and that plaintiff had been compelled to pay out the sum of $1,287.70 in excess of the contract price in completing the building and discharging liens thereon of material men and laborers. Judgment against said sureties was asked in the sum named above.

Duty was not sued, and appellee alleged in his complaint that Duty, about the time of the completion of the building, had left the State and never returned, and that he had no property in the State.

The defendants answered, denying that Duty had failed to perform his contract or that the plaintiff had paid out any sum in excess of the contract price for the completion of the building to discharge liens thereon; and they also alleged, by way of defense, that after Duty left the State they notified appellee to institute suit on the bond within thirty days thereafter, and that he had failed to do so.

Trial before jury resulted in a verdict and judgment in favor of plaintiff for the sum of $1,201.32, and the defendants appealed.

There was no controversy as to the amount which appellee was entitled to recover, if he could recover at all, and the amount paid out by him for work and material in excess of the contract price was expressly admitted by appellants during the progress of the trial.

Appellants notified appellee after Duty had abandoned the work and left the State to bring suit on the bond, but the proof shows that Duty never returned to the State, and had no property therein, and that executions issued after he left, upon judg-

ments obtained against him by other creditors before he left the State, were returned unsatisfied.

The court instructed the jury on this branch of the case that if Duty had absconded from the State and left no property therein, the failure of the plaintiff to bring suit pursuant to the demand of the sureties did not operate as a release; but that if Duty was in the State, or was solvent or had property sufficient to satisfy the claim, then plaintiff was bound to sue within thirty days, and his failure to do so released the sureties.

The statute (Kirby's Digest, § § 7921, 7922), if it applies to bonds of this kind, was not intended to require an impossible thing of the obligee, and it should not be so construed. If the principal had absconded, was out of the State, and his where-abouts unknown to the obligee, and if he had no property in the State, it was impossible for the obligee to comply with the demand of the sureties to sue him. Ordinarily, the question of solvency or insolvency of the principal is immaterial, as the sureties have the right to require suit to be brought and diligently prosecuted in order to test his ability to pay, whether he is in fact solvent or not; but where he left the State and has no property here, there are no means of getting service of process so as to maintain an action. There are no means, under those circumstances, of testing his solvency or ability to pay by an action. Even if it appeared that appellee knew where Duty could be found in some other State, he could not be required to go out of this State, where he resided, and where the sureties resided, in order to sue the absconding principal. *Hightower* v. *Ogletree,* 114 Ala. 94; *Phillips* v. *Riley,* 27 Mo. 386; *Conklin* v. *Conklin,* 54 Ind. 289; *Davis* v. *Hatcher,* 10 Am. Law Reg. 519.

The statute in question is in derogation of the common law and of the contractual rights of the obligee on the bond, and should be strictly construed. *Cummins* v. *Garretson,* 15 Ark. 132; 27 Am. & Eng. Ency. Law, pp. 513, 515; 2 Brandt on Sur. & Guar. § 771.

We are therefore of the opinion that the court did not err in construing the statute and in giving the instruction complained of.

There was evidence tending to show some departure from the contract in the construction of the building, but the bond

expressly authorized alteration not exceeding in cost $500 from the original contract price. The evidence does not show that the alteration came up to that amount. On the contrary, the evidence, or a preponderance thereof, establishes the fact that the alterations were slight, and varied the cost of the building very little. There appear also some inconsistencies and conflicts in the specifications, caused by a mistake of the architect in preparing the same. For instance, while the building was to be ceiled and papered, there is a clause giving specifications for plastering, and it is obvious that this was included in the specifications by inadvertence. It became necessary to reconcile these conflicts and discard a portion of the specifications, but the evidence showed that there was no alteration which exceeded $500 over the contract price. We think the only question on this branch of the case was whether the alterations exceeded the limits prescribed in the bond, and this question was submitted to the jury upon proper instructions.

The evidence was sufficient to warrant the verdict, and we find no error in the instructions or in the ruling of the court refusing appellant's requests for instructions. The case seems to have been submitted on instructions exceptionally well framed so as to confine the attention of the jury to the real issues in the case.

The judgment is therefore affirmed.