## HUFF *v.* IOWA CITY STATE BANK.

### Opinion delivered June 10, 1918.

1. CONFLICT OF LAWS—PROMISSORY NOTE.—Where a note, though executed in Arkansas, was dated as of a city in Iowa and was assigned in Iowa, to a bank in that State, and made payable in that State, the rights of the Iowa bank are governed by the laws of that State; but where suit on the note to enforce payment is brought in Arkansas, the laws of Arkansas govern procedure and laws of evidence.

2. BILLS AND NOTES—FRAUD IN PROCUREMENT—BONA FIDE HOLDER—AMOUNT OF RECOVERY.—In an action on a note by a *bona fide* purchaser thereof for value, it appeared that the note was procured by fraud, *held*, it thereafter became the duty of the *bona fide* holder to establish by proof the sum paid for the note before he could recover, which sum would be the measure of his recovery.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*L. E. Sawyer,* for appellant.

1. The allegation of the complaint that the note was negotiated and transferred before maturity and for a

valuable consideration being immaterial to appellee's right of action, it was unnecessary to be denied in the answer, therefore the court below, notwithstanding it found as a fact that the note had been obtained by fraud, erred in holding that appellee was relieved from proving the consideration for the assignment. Kirby & Castle's Dig., § § 7576-7-9, 7532, 7569, 7583-4, 7548-50; 3 Ark. 474; 3 Cranch, U. S. 209; 1 Curtis 559; 33 Ark. 522. See also 31 Cyc. 60; 1 *Id.* 109; 44 Ark. 293; 24 *Id.* 613. The burden was on defendant to prove fraud, but when proven then the burden shifts to plaintiff that he is a holder in due course for value without notice. Kirby & Castle's Dig., § § 6992-7-8-9; 31 Cyc. 60 (XVI); 1 Cyc. 109 (15); 27 N. Y. Supp. 422; 4 Stan. Enc. Pro. note 34, etc.

2. The note is governed by the laws of Iowa and the holders could only recover the consideration paid for the assignment and this is not proven. 14 Ark. 189; 66 *Id.* 77; 70 *Id.* 492; Iowa Code Supp. 1913; 139 Iowa 567; 130 Am. St. 335.

SMITH, J. This suit was brought to enforce the payment of a note executed by Mrs. E. Huff to the order of Donald-Richard Company. Mrs. Huff testified that the execution of the note was procured by fraud. That she contracted to buy certain toilet articles upon condition that she be given the exclusive agency for the sale of these articles in Hot Springs, and she signed what was represented to be a contract to that effect. Other sales of these toilet articles were made in Hot Springs and Mrs. Huff refused on that account to receive the goods she had ordered. The contract which she supposed she had signed proved to be a promissory note and the one here sued on.

Suit was brought on this note by the Iowa City State Bank, and it was alleged in the complaint that the bank had bought the note for value, before maturity. The answer alleged that the execution of the note was procured by fraud, but when proof of that fact was offered at the trial, objection was made to its introduction upon the ground that no denial had been made of the allegation

that the bank was an innocent holder of the paper in due course. Counsel for Mrs. Huff stated that he desired to amend his answer, but it does not appear that he did so, and the court made a finding that "these matters not being put in issue by pleading, court finds that plaintiff is *bona fide* holder of note for value and before maturity." The court made a further finding that "on question of fraud court finds in favor of defendant, but as plaintiff is a *bona fide* holder for value and before maturity, that question is not material."

No attempt was made by the bank to show what consideration had been paid by it for the note further than the allegation of the complaint that it had "for a valuable consideration acquired the note before maturity." Judgment was rendered for the amount of the note and interest, and this appeal has been prosecuted to reverse that judgment.

No complaint is made of the action of the court in refusing to treat the answer as amended to deny the allegation of the complaint that the bank was an innocent purchaser for value. The court might very properly have concluded that the request had not been made in apt time, as the trial of the case had begun before the request was made, and the bank might have pleaded surprise by the injection of this issue into the case under the circumstances stated.

(1) While the note was signed at Hot Springs it was dated Iowa City, Iowa, and was made payable at "Iowa City, Iowa, to the order of Donald-Richard Company," and it was by that company assigned in Iowa to the bank. The rights of the bank are governed, therefore, by the laws of Iowa, its rights having been acquired there and that State having been made the place of payment of the note. But the suit to enforce the payment of the note having been brought in this State, the procedure and the rules of evidence are governed by the laws of this State. *St. L. & S. F. Rd. Co.* v. *Coy,* 113 Ark. 265.

Section 3070 of the Annotated Code of Iowa (1897) is as follows: "Sec. 3070. The want or failure, in whole or in part, of the consideration of a written contract may be shown as a defense, total or partial, except to negotiable paper transferred in good faith and for a valuable consideration before maturity, but if such paper has been procured by fraud upon the maker, no holder thereof shall recover thereon of the maker a greater sum than he paid therefor, with interest and costs."

Under the provisions of this section the bank would have been entitled, in view of the finding of the court that the execution of the note had been procured by fraud, to recover only the sum paid by it for the note. But the bank neither alleged nor proved what that sum was, and there was, therefore, no proof to sustain the action of the court in awarding judgment for the face of the note.

In the case of *Tabor et al.* v. *Merchants National Bank,* 48 Ark. 458, it was said: "The production of the note and proof that the indorsement was made before maturity raised the presumption that the plaintiff had paid value for the note, that it was an innocent holder and had acquired it in due course of business; but if the proof subsequently offered by the defendants to establish their defense shows that the note, in its inception, was so infected by fraud as to destroy the title of the original holder, the presumption of the payment of value was thereby overcome, and the burden of proof was shifted to the plaintiff to show that value was given for the note." The bank should, therefore, have shown the sum paid by it for the note.

But because the court properly found that the bank was an innocent purchaser for value for the reason that that allegation was contained in the complaint and not denied in the answer, it does not follow that the court should also have found that full value for the note was paid, there being neither allegation nor proof of that fact.

In Jones' Commentaries on Evidence, vol. 1, sec. 49e, it is said: "* * * it is equally well settled that if the maker, acceptor, or other party bound by the original consideration of negotiable paper proves that there was fraud in the inception of the instrument, or circumstances raising a strong suspicion of fraud, the general presumption in favor of the holder is then overcome, and he is bound to show that he acquired the paper *bona fide*, for value, before maturity, in the usual course of business, and under circumstances creating no presumption that he knew of the fraud. The reason of this rule is the presumption that the guilty party transferred the paper merely that he might recover on it in the name of a third person."

Here we have the allegation of the answer and the finding of the court as a fact that the execution of this note had been procured by fraud, and neither allegation nor proof as to the amount paid for this note, and the court should not, therefore, have presumed that the face value of the note had been paid for it, and the judgment of the court below will, therefore, be reversed and the cause remanded for a new trial.