SHORES-MUELLER COMPANY v. PALMER.

Opinion delivered December 1, 1919.

1.  GUARANTY—RIGHT TO REQUIRE CREDITOR TO SUE DEBTOR.—One K. purchased goods from appellant, and appellees, in writing, guaranteed the honest and faithful performance of the same by K. K. was adjudged insane, and appellees notified appellant to commence action on the contract, which appellant did not do within thirty days after notice. *Held*, appellees, guarantors under the contract, were sureties within Kirby's Digest, sections 7921 and 7922, and that appellant's failure to sue within thirty days after notice, relieved appellants of liability.

2.  GUARANTY AND SURETYSHIP—DISSIMILARITY.—A contract of surety starts with the agreement, and the liability of a guarantor is established for the first time with the default of the principal debtor.

3.  SAME—BREACH.—A guarantor is a surety within the meaning of Kirby's Digest, sections 7921 and 7922.

4.  CONFLICT OF LAWS—INTERPRETATION OF CONTRACTS.—Matters bearing upon the interpretation, execution and validity of a contract are to be determined by the laws of the place where the contract was made.

5.  CONFLICT OF LAWS—BREACH OF CONTRACT—ENFORCEMENT OF REMEDY—GOVERNED BY WHAT LAW.—When a party comes into court to enforce his remedy upon a contract, that remedy will be enforced in accordance with the laws of this State regulating the remedy, and not according to the remedy of the State when the contract was made.

6.  GUARANTY AND SURETYSHIP — LIABILITY — NOTICE TO PRINCIPAL DEBTOR—WHAT LAW GOVERNS.—The statutory right of a surety to require the creditor to institute suit within a given time, upon a contract in which he has become surety, .only•matures when a right of action has accrued to the creditor, and such a statute is one regulating the remedy and is not a part of the contract.

7.  INSANITY—CONTRACT OF INSANE PERSON.—The fact that a person was adjudged insane after he had made a certain contract, does not establish his insanity at the time he made the agreement.

8.  SALES—FOREIGN CORPORATION—RIGHT TO SUE.—When a foreign corporation sold goods to K., the contract of sale not being made inside this State, said corporation may sue on the same, in this State, although it has not complied with the laws of Arkansas.

Appeal from Phillips Circuit Court; *J. M. Jackson*, Judge; reversed in part and affirmed in part.

*R. B. Campbell* and *Sam Latkin,* for appellant.

1.   It is obvious that both the agreements between Kindel and appellant and appellees had appellant were made and to be executed in Iowa, and the laws of that State, and not Arkansas, should govern this case.   134 Ark. 495.   The law of the place governs, as interpreted by the courts of that State.   *Ib.;* 44 Ark. 230; *Ib.* 213; 47 *Id.* 54; 126 *Id.* 14; 13 C. J. 250 and note 24; 110 Pa. 478; 1 Atl. 532.   The obligation and effect of a guaranty executed in a State must be construed by the laws of that State.   3 Ark. 96; 6 *Id.* 442; 47 *Id.* 54.

2.   Insanity of the principal debtor is no defense to sureties or guarantors.   62 Ark. 387; 22 *Id.* 375; 17 Iowa 393; 106 *Id.* 542; 69 Tex. 34; 17 Ann. Cases 556.

3.   Appellant was not engaged in intrastate business and not obliged to comply with our laws as to foreign corporations doing business in this State.   98 Ark. 605.

4.   The insanity of W. G. Kindel is no defense to his liability.   67 Pac. 506; 54 Am. Dec. 614; 38 N. E. 42. See note to 34 Ann. Cases 867.

*Moore & Vineyard, P. R. Andrews* and *J. G. Burke,* for appellees.

1.   Kirby's Digest, sections 7921-2, are applicable here.   They are the *lex fori* and govern.   6 Ark. 317-355; 15 Ark. 132.   Sureties for the payment of money will be exonerated if the obligee fails to sue the principal within the time provided by statute of Arkansas.   48 Ark. 254. The fact that the parties are called "guarantors" does not make the statute inapplicable.   126 Ark. 535.

2.   The *lex fori* controls as to all matters pertaining to remedial rights.   6 N. E. 622; 7 Ark. 231; 26 *Id.* 356; 18 *Id.* 384; 134 *Id.* 495.   See 110 Pa. 178.   Even though the Iowa statute is not applicable, *Tenant* v. *Tenant,* 1 Atl. 532, is not binding on this court because it is in direct conflict with our decisions cited in appellee's brief.

Appellees can not maintain this cause of action because they have not complied with the laws of Arkansas.

There is no error in the judgment of the Phillips Circuit Court in dismissing appellant's action for failure to comply with Kirby's Digest, sections 7921-2, and 3064-5 of Iowa statutes.

STATEMENT OF FACTS.

Shores-Mueller Company, an Iowa corporation, brought this suit against W. J. Palmer, John Palmer, W. B. Jarrett, Walter G. Kindel and L. E. Kindel, guardian of Walter G. Kindel, to recover the price of certain merchandise. On the 4th day of March, 1913, the Shores-Mueller Company, an Iowa corporation, entered into a written contract with W. G. Kindel of Marvell, Arkansas, to sell him certain toilet goods, household medicines, veterinary remedies, and other goods manufactured by said company. The company agreed to sell the goods to Kindel at wholesale prices and the latter agreed to pay his account in monthly installments. The company agreed to furnish him, free of charge, on board the cars at its factory in Iowa, a reasonable amount of advertising matter, report and order blanks and to give him, free of charge, instructions and advice through letters and bulletins as to the best methods of selling its products to customers. Throughout the contract Kindel is called the salesman. The contract was accepted by the company at its home office in Cedar Rapids, Iowa. W. J. Palmer, John Palmer, and W. B. Jarrett signed the following, which was attached to the contract and became a part of it.

"In consideration of Shores-Mueller Company extending credit to the above named person we hereby guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, waiving notice of acceptance and all notices, including notice of salesman's default, and agree that any extension of time or change of territory shall not release us from liability hereon."

On the 30th day of March, 1916, the probate court of Phillips County, Arkansas, adjudged Walter G. Kindel to be an insane person and committed him to the State

Hospital for Nervous Diseases where he has since been confined. L. E. Kindel was appointed his guardian and duly qualified as such. On the 12th day of September, 1916, W. J. Palmer, John Palmer and W. B. Jarrett gave the Shores-Mueller Company notice in writing to require it to commence suit against Walter G. Kindel at once. The said company failed to comply with this notice within thirty days after it was served upon it.

The circuit court dismissed the suit against the defendants, W. J. Palmer, John Palmer, and W. B. Jarrett on the ground of plaintiff's failure to comply with sections 7921 and 7922 of Kirby's Digest. The circuit court dismissed the suit against L. E. Kindel, as guardian of Walter G. Kindel, on the ground that the subject-matter of the suit was business transacted in this State by the plaintiff and that it had failed to comply with the laws of the State with regard to foreign corporations doing business here. The case is here on appeal.

HART, J., (after stating the facts). The court was right in dismissing the suit as to W. J. Palmer, John Palmer and W. B. Jarrett and wrong as to dismissing it against L. E. Kindel, as guardian of Walter G. Kindel, an insane person. In the first place it may be stated that appellant could sue appellees in one action and that the contract signed by W. J. Palmer, John Palmer and W. B. Jarrett was a contract of guaranty. *Fluhart* v. *W. T. Rawleigh Co.*, 126 Ark. 307. These parties gave appellant notice in writing to bring suit at once against the principal debtor under sections 7921 and 7922 of Kirby's Digest. The sections read as follows:

"Section 7921. Any person bound as surety for another in any bond, bill or note, for the payment of money, or delivery of property, may, at any time after the action hath accrued thereon, by notice in writing require the person having such right of action forthwith to commence suit against the principal debtor and other party liable.

"Section 7922. If such suit be not commenced within thirty days after the service of such notice, and proceeded in with due diligence, in the ordinary course of

law, to judgment and execution, such surety shall be exonerated from liability to the person notified.''

(1-3)   This brings us to the consideration of the question of whether or not a guarantor under a contract like the present one is a surety within the meaning of the statute.   It is true that there is a difference between the contract of a surety and that of a guarantor in this, that the contract of a surety starts with the agreement and that the liability of a guarantor is established for the first time with the default of the principal debtor.   At the same time a breach of a guaranty contract is generally regarded as a breach of suretyship and the effect of the reasoning in the case of *Hall* v. *Equitable Surety Co.,* 126 Ark. 535, is to hold that a guarantor is a surety within the meaning of sections 7921 and 7922 of Kirby's Digest.   In that case the court held that the sureties on a bond in an indemnity contract did not come within the statute, but treated guaranty contracts as coming within the provisions of the statute.

It is the contention of counsel for appellant that the contract sued on is an Iowa contract and that the notice to sue must be given in accordance with the laws of that State and that the court erred in dismissing the cause of action because appellant did not bring suit within thirty days after notice given under the statute of Arkansas. The record shows that the contract sued on is an Iowa contract and this court has held that matters bearing upon the interpretation, execution, and validity of a contract are to be determined by the law of the place where the contract is made. *J. R. Watkins Medical Co.* v. *Johnson,* 129 Ark. 384, and cases cited.   The authorities on the question of giving notice are divided.   In *Tenant* v. *Tenant,* 110 Penn. St. 487, the court held that the right of a surety to discharge his obligation by a disregarded notice to the creditor to pursue the principal debtor is a matter affecting the obligation of the contract and must therefore be determined by the law of the place of the contract.   The court said that the right of a surety to discharge his obligation by notice to the creditor to pursue

the debtor is a part of the law of the contract and is therefore a part of the contract itself.

(4-6)   The court further said that it is the qualification of the obligation of the contract, reducing it from a peremptory and absolute obligation to one of a qualified or conditional character.   One the other hand in *Scales* v. *Cox* (Ind.), 6 N. E. 622, the statutory right of a surety to require the creditor to institute suit within a given time upon a contract in which he has become surety only matures when a right of action has accrued to the creditor and the court recognized that such a statute was one regulating the remedy against sureties and was not a part of the contract.   We think this holding is in accord with our own decisions on the question.   In discussing the statute in *Hempstead & Conway* v. *Watkins,* 6 Ark. 317, at p. 355, the court said: "The statute is but declaratory and an extension of an existing and ordinarily equitable remedy, and it has been adopted and converted by courts of law into a subject of legal cognizance.   The statute extends the original remedy or so qualifies it that the surety is not bound to show the injury resulting from the subsequent insolvency of the principal to entitle himself to a discharge from his suretyship."

In *Wilson* v. *Tebbetts,* 29 Ark. 579, the court held that the discharge of one of several sureties by the failure of the creditor to sue within thirty days after notice under the statute is personal to him, and will not affect the liability of his co-sureties.   In discussing the statute the court said: "The office of the statute is to impose a duty on the creditor to come to the relief of the surety in case of apprehended danger of liability, by reason of the inability of the principal creditor to pay.   It confers a privilege upon the surety to be thus released from his suretyship, and as a consequence of neglect of the creditor to sue, the loss of his remedy against such surety. We have repeatedly held that the surety who gives such notice is discharged from the payment of the debt, unless suit is brought within the time prescribed by the statute."

We are of the opinion that the statute affects the remedy of the creditor and that it is not a part of the contract. It is well settled in this State that when a party comes into court to enforce his remedy upon a contract, that remedy will be enforced in accordance with the laws of this State regulating the remedy and not according to the remedy of the State where the contract was made. *Lawler* v. *Lawler,* 107 Ark. 70, and *Huff* v. *Iowa City State Bank,* 134 Ark. 495.

(7-8) The court was wrong in dismissing the complaint as to L. E. Kindel, as guardian of Walter G. Kindel, an insane person. The record does not show that Walter G. Kindel was insane at the time he executed the contract sued on. The fact that he was subsequently adjudicated to be insane does not establish insanity at a prior time. This is conceded by counsel for appellees, but they contend that the subject-matter of the contract sued on was doing business in this State and that appellant is not entitled to recover because it is a foreign corporation and did not comply with the laws of this State with regard to foreign corporations doing business here. We have not set out the contract sued on in full and do not deem it necessary to do so; for it is very similar to other contracts which have been construed adversely to the contention of appellees. It is true Walter G. Kindel is called the salesman in the contract and that appellant agreed to give Kindel instructions about selling its manufactured products, but these matters when considered in connection with the other parts of the contract do not make it a contract of agency. When it is construed from its four corners, the contract in plain terms sells to Kindel certain toilet goods, household medicines, veterinary remedies, and other goods manufactured by appellant and it is a contract for the sale of these goods in the State of Iowa. Therefore it was not necessary for appellant to comply with the regulations concerning foreign corporations doing business in this State before bringing suit on the contract. *J. R. Watkins Med. Co.* v. *Johnson,* 129 Ark. 384.

It follows that the judgment, in so far as it dismisses the complaint against W. J. Palmer, John Palmer and W. B. Jarrett, is affirmed; and in so far as it dismisses the complaint against L. E. Kindel, as guardian of Walter G. Kindel, the judgment will be reversed and the cause remanded for further proceedings according to law.