E. O. BARNETT BROS. *v.* ALEXANDER.

Opinion delivered November 14, 1921.

PRINCIPAL AND SURETY—NOTICE TO CREDITORS TO SUE PRINCIPAL.—Under Crawford & Moses' Dig., § § 8287-8, providing that a surety on a bond, bill or note for the payment of money may, "at any time after action hath accrued thereon," require the person having right of action thereon to sue the principal within 30 days, and that if such suit be not brought the surety shall be exonerated, a surety on a note who has been sued thereon may give notice and require the holder to sue the principal.

Appeal from Hot Springs Circuit Court; *W. H. Evans,* Judge; affirmed.

#### STATEMENT OF FACTS.

E. O. Barnett Bros., a partnership composed of Oscar Barnett and Horatio Barnett, sued W. D. Alexander, a justice of the peace, to recover $100 alleged to be due on a promissory note executed by the defendant and others to the plaintiffs.

The defendant recovered judgment in the justice's court, and the plaintiffs duly appealed to the circuit court.

The defendant then gave notice in writing to the plaintiffs requiring them to sue certain named persons as being the principal debtors who signed the note, and stated in the notice that the defendant and another person signed the note as accommodating parties. The notice was duly served on the plaintiffs, and the plaintiffs did not bring suit against the parties named as principal debtors in the notice, and the case came on for trial in the circuit court more than thirty days after the notice had been given and served on the plaintiffs.

Alexander defended the suit in the circuit court on the ground that he was exonerated as surety on the note because he had given notice in writing to the creditor to sue the principal debtors, and proved the facts above set forth in support of his defense. He also testified that he had signed the note sued on as surety.

The circuit court found the issues in favor of the defendant, and judgment was rendered accordingly. The plaintiffs have appealed.

*Oscar Barnett,* for appellants.

Appellee admits that he was an accommodating endorser. This is a several liability and plaintiff had the option to sue him alone. 193 S. W. 505; Kirby's Digest, §§ 522, 6009, 6010, 6229-30; Crawford & Moses' Digest, §§ 1099, 7795; 216 S. W. 1039. Moreover, the notice to sue the other parties on the note was not given until long after the suit was brought, and after all the other makers and sureties had left the State except one, against whom a judgment, when obtained, could not be enforced. See also, 153 S. W. 261; 62 Ark. 391.

*D. D. Glover,* for appellee.

1. This court has repeatedly held that an indorser for accommodation can avail himself of the plea of usury the same as principal.

2. The notice to sue the other parties on the note was given as provided by the statute, C. & M. Digest §§ 8287, 8228. This was a complete defense, when the plaintiff failed to sue the principals on the note within the time limited by the statute. 141 Ark. 64.

HART, J., (after stating the facts). The defendant seeks to uphold the judgment under §§ 8287, 8288, of Crawford & Moses' Digest. Sec. 8287 is as follows:

"Any person bound as surety for another in any bond, bill or note, for the payment of money or the delivery of property, may, at any time after action hath accrued thereon, by notice in writing, require the person having such right of action forthwith to commence suit against the principal debtor and other party liable."

Sec. 8288 provides that if such suit be not commenced within thirty days after the service of such notice and proceeded on with due diligence in the ordinary course of law to judgment and execution, such surety shall be exonerated from liability to the persons notified.

The plaintiffs were the payees in the note, and notice to sue the principal debtors was given them in the manner and form provided in the statutes. The plaintiffs failed to sue the principal debtors within thirty days after the service of the notice. It is contended by them, however, that W. D. Alexander, the surety, is not exonerated because he did not give notice under the statute until after he had been sued on the note. This did not make any difference.

A surety's right to give notice to the creditor to sue and to secure his release, if suit is brought, is a right given by the statute, and not at common law. *Sims* v. *Everett*, 113 Ark. 198; *Green* v. *McCullar*, 128 Ark. 221, and *Shores-Mueller Co.* v. *Palmer*, 141 Ark. 64.

Hence we must look to the language of the statute for the exoneration. The statute provides that the notice may be given at any time after a cause of action has accrued on the note signed by the surety. If the framers of the statute had intended that no exoneration could be had under it after suit brought, they would have so provided by apt words. The language used in the statute is broad enough to cover cases where the notice was given after suit brought, and, there being nothing in the statute to indicate that the Legislature intended to restrict its operation to cases where suit had not been brought, the courts can impose no such limitation.

Therefore the judgment will be affirmed.