DONAHUE *v.* ARKADELPHIA MILLING COMPANY.

Opinion delivered April 22, 1929.

410

*Ben F. Reinberger* and *J. A. Tellier,* for appellant.

*Barber & Henry, Troy W. Lewis* and *Clayton Free-man,* for appellee.

KIRBY, J., (after stating the facts). Appellants insist that the court erred in not directing a verdict in their favor, and in directing a verdict against them, and the contention must be sustained. The bond and the obligation sued on is such a one as the statute (§§ 8287 and 8288, C. & M. Digest) applies to, and from liability upon which the sureties or guarantors may be exonerated upon compliance with its terms. *Thompson* v. *Treller,* 82 Ark. 247, 101 S. W. 174; *Shores-Mueller Co.* v. *Palmer,* 141 Ark. 64, 216 S. W. 295.

The sureties or guarantors had the right, under the statute, which is part of every such contract, to demand, any time after the action accrued on the bond and before the trial of suit brought thereon against them, that suit be brought against the principal and proceeded with to judgment, etc. *Barnett* v. *Alexander,* 150 Ark. 478, 234 S. W. 938.

It can make no difference that the principal was made a party to the same action in which they were sued, since the summons had been returned *non est* against him, and the suit could not be proceeded with, before the notice was given, and the fact that they did not plead the notice and demand for exoneration from liability in the suit brought at the first trial constituted

no waiver of the right to do so, since 30 days had not elapsed between the giving of the notice and the time of the trial. Certainly the plea could properly have been made by amendment on the trial of the cause anew after it had been remanded to the circuit court. Suit could have been brought against the nonresident principal, after the notice had been given, by an attachment upon his property in the State and constructive service had by the publication of a warning order, but this was not attempted to be done. C. & M. Digest, §§ 1159-60; *Boynton* v. *Chicago Mill & Lbr. Co.*, 84 Ark. 203, 105 S. W. 77; *Frank* v. *Frank*, 175 Ark. 285, 298 S. W. 1026.

The undisputed testimony shows that the principal in the bond was a nonresident of the State, having property in the State that could be attached at the time the notice was given by appellant's demanding that he be sued, and no such suit having been brought, as was required should be done under the terms of the statute and notice given, the sureties, appellants here, were exonerated from liability upon the bond, and the court erred in not so directing the jury.

The judgment is accordingly reversed, and judgment in their favor will be entered here   It is so ordered.