WILBON *v.* WASHINGTON FIDELITY NATIONAL INSURANCE COMPANY.

Opinion delivered June 30, 1930.

1130

*W. G. Dinning*, for appellant.

*Brewer & Cracraft*, for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court erred in giving each of said instructions directing the jury that, if they found from a preponderance of the testimony that the assured had had heart trouble in December, preceding the application for insurance, and this was known either to the assured or the beneficiary, and was not disclosed to the defendant before the policy was issued, to find for the defendant. The provision in the policy relative to answers in the application being representations and not warranties is like those held to be representations in the cases of *Old Colony Life Insurance Co.* v. *Julian*, 175 Ark. 359, and *Bankers' Reserve Life Ins. Co.* v. *Crowley*, 171 Ark. 135. In the latter case it was said: "The questions propounded in the

application as set out above call for answers founded on the knowledge and belief of the applicant, and a misrepresentation or omission will not avoid the policy unless willfully and knowingly made with an intent to deceive.'' It is true the application appears to be signed by Percy L. Wilbon, but it is also signed by the father, appellant, with the statement required because of the applicant being under 15 years of age. There is no testimony tending to show that the under 10-year-old insured answered the questions in the application, except in the statements in the certificate thereto appearing to have been signed by him, and, if he had done so, being a minor of such tender age, he could not be expected to know whether the representations were correct and true, and certainly could not be held in making any misrepresentations to have made them wrongfully and knowingly with an intent to deceive such as would have avoided the policy. All of said instructions, therefore, telling the jury that if they found that the insured or the beneficiary knew that the insured had had heart trouble preceding the application for insurance and did not disclose the fact to the insurer before the policy was issued, and if either the assured or the beneficiary answered ''No'' to the inquiry if the assured had ever had heart trouble and either of them knew that he had had heart trouble, and if they found that either the assured or the beneficiary stated to the agent of the insuring company in answer to a question asked that the assured had never had heart trouble, ''with the intent to deceive the company, etc.,'' they should find for the defendant, were incorrect and erroneous on that account and inherently wrong and necessarily call for a reversal of the case.

Since the beneficiary was not only required to consent to the application for insurance for his minor son, but to certify that the answers made to the questions in the application were complete and true in every particular, he was bound by such statements and representations to the same extent only, if they proved to be false,

as if he had made such representations upon an application for insurance upon his own life wrongfully and with an intent to deceive and not otherwise. The court therefore erred in giving each of the said instructions permitting the insurer to avoid liability on its policy if they found such misrepresentations had been knowingly made with the intent to deceive either by the insured or the beneficiary.

For this error the judgment must be reversed and the cause remanded for a new trial. It is so ordered.