ROBERSON *v.* ROBERSON.

4-3401

Opinion delivered March 5, 1934.

*T. B. Abington* and *Culbert L. Pearce,* for appellant.

*John E. Miller, C. E. Yingling* and *R. H. Lindsey,* for appellee.

McHANEY, J. Appellant is the widow and appellee is the mother of Marion F. Roberson, who died testate in the State Hospital for Nervous Diseases on November 20, 1932. The controversy between them arises over the proceeds of a life insurance policy on the life of said decedent in the sum of $905.68. The policy was originally made payable to his estate, but on September 24, 1931, he exercised the right reserved to him in the policy and changed the beneficiary from his estate to his mother, the appellee. On October 22, 1931, decedent executed a will by which he attempted to bequeath to his mother the proceeds from the same insurance above mentioned. This will was admitted to probate after his death over appel-

lant's objection, but no appeal was taken therefrom, appellant thereafter electing to renounce the will.

In April, 1933, this action was instituted by appellee against the insurance company, and the executors named in the will and appointed by the court, to collect the proceeds of said policy. The company answered, admitting the indebtedness above stated, paid said sum into the registry of the court, and was discharged. Appellant intervened in the action, alleging the invalidity of the change of beneficiary on the ground of mental incompetency of the insured at the time the change was made, and that appellee had made an election of remedies, that is on the will, and that she was now precluded from a recovery on a change of beneficiary. Motion to dismiss the complaint on the latter ground was overruled.

Trial to a jury resulted in a verdict and judgment for appellee.

For a reversal of the judgment, appellant first insists that appellee "elected to rely upon the will rather than the written change of beneficiary." This argument is based on the fact that she and the executors filed a motion in the White Chancery Court to dismiss an action brought by appellant as administratrix of her husband's estate to cancel the change of beneficiary in said policy. As to the will, there is nothing in this record to show that appellee had anything to do with its probate, or that she was a party to or even a witness in that proceeding. The record does show that the only parties who appeared in the probate court were the executors and appellant who contested its probate on the same ground as here. As to the proceeding in chancery, after the will was admitted to probate, she agreed that the motion to dismiss was well taken, and, on her own motion, dismissed her suit. Just how these matters can constitute an election by appellee to take under the will is difficult to perceive. In 9 R. C. L., p. 960, § 7, cited with approval in *Belding* v. *Whittington,* 154 Ark. 561, 243 S. W. 808, it is said: "An election of a remedy which has the effect of an estoppel *in pais* or an estoppel by record * * * is generally considered made when an action has been commenced on one of such

remedies." Here this is the only action appellee has ever commenced or been a party to, except to move to dismiss appellant's action in chancery. By bringing this action, appellee elected to stand on the change of beneficiary, and has taken no action inconsistent therewith.

It is next contended that the court erred in excluding certain testimony offered by appellant: (1) The court refused to permit Dr. Sloan, a witness for appellant, to testify to certain reports made to him by a physician in St. Vincent's Infirmary in Little Rock, where Roberson remained for several weeks for treatment from August, 1930. We think no error was committed in this regard for two reasons: First, they were secondary or hearsay evidence, and, second, no showing was made as to the nature of said reports, nor whether they shed any light upon the question at issue, the sanity or insanity of the deceased. (2) Two other offers of evidence were excluded. The judgment of the Independence Circuit Court of October, 1931, in a *habeas corpus* proceeding, for the custody of Marion F. Roberson, wherein appellant was the petitioner and appellee and others were respondents, was offered and excluded. Also appellant offered the judgment of the White Circuit Court of January, 1933. In both of these judgments it was found that said Marion F. Roberson was of unsound mind, and it is contended that they were competent as evidence to go to the jury to determine his sanity at the time of executing the change in beneficiary. We cannot agree with appellant that this was error. The judgment of the Independence Circuit Court was nothing more than adjudication of his mental condition at that time, which was some thirty days after the change of beneficiary had been made, and was incidental to the main purpose of the controversy, his custody being the real issue. The judgment of the White Circuit Court was some months after his death, and was in an apparently friendly lawsuit, to which appellee was not a party, relating to life insurance in another company. It was agreed in open court that Roberson was adjudged insane by the probate court of White County on May 29, 1932, and confined in the State Hospital for Nervous Diseases. All adjudications of Roberson's sanity oc-

curred after the act sought to be set aside. One such trial on the question of the validity of his will, which was executed nearly thirty days after the change of beneficiary, found him to be sane at that time. But, even had the adjudications finding him of unsound mind been before the act sought to be avoided, they would have been mere presumptions of continuing insanity, which might be overturned by evidence sufficient to convince the jury to the contrary. Our cases so hold. *Eagle* v. *Peterson,* 136 Ark. 72, 206 S. W. 55; *Cook* v. *Jeffett,* 169 Ark. 62, 272 S. W. 873. In the latter case we said: "An adjudication (of insanity) for the purpose of issuing letters of guardianship is, in a collateral proceeding, only *prima facie* evidence of mental incapacity. *Eagle* v. *Peterson,* 136 Ark. 72, 206 S. W. 55. But, if the court making the adjudication is without jurisdiction, the judgment has no probative force at all, and is not admissible in evidence in a collateral proceeding." It was there also held that the order of the probate court, made after the death of the person, approving the act of the clerk in appointing a guardian prior to the death of such person, was void. We think no error was committed in excluding these judgments. This court, in *Shores-Mueller Co.* v. *Palmer,* 141 Ark. 64, 216 S. W. 295, said: "The record does not show that Walter G. Kindel was insane at the time he executed the contract sued on. The fact that he was subsequently adjudicated to be insane does not establish insanity at a prior time." And this is in accord with the general rule as stated in 32 C. J., p. 646, § 224. See also *Uecker* v. *Zuercher,* 54 Tex. Civ. App. 289, 118 S. W. 149; *Rhoades* v. *Fuller,* 139 Mo. 179, 40 S. W. 760. The adjudication of insanity of the White Probate Court in 1932 was inadmissible under the same rule.

It is finally urged that instructions given at appellee's request were erroneous and in conflict with those given for appellant. We have carefully considered the instructions, and do not find them open to this criticism. The instructions submitted the theories of both sides fully and fairly to the jury. By its verdict it has found that said Roberson was sane at the time of executing the

change in beneficiary and upon evidence that is in sharp conflict. No error appearing, we must permit it to stand.
Affirmed.