NATIONAL LIFE & ACCIDENT INSURANCE COMPANY
*v.* THRELKELD.

4-3431

Opinion delivered April 30, 1934.

166

*Barber & Henry,* for appellant.

*John L. Sullivan,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the policy of insurance was avoided because the insured in his application therefor wilfully and knowingly made misrepresentations with the intent to deceive the company as to his physical condition. There is no evidence here, however, directly tending to show any such representations, or that such misrepresentations had been wilfully and knowingly made as to his physical condition. Three witnesses, two of them disinterested, testified that insured was in apparent good health both

at the time the application for insurance was made and at the time of the delivery of the policy; that the insured weighed at that time from 165 to 170 pounds. The agent of the company who delivered the policy also stated that insured was in apparent good health at that time.

A misrepresentation will not avoid the policy unless wilfully or knowingly made with intent to deceive. *Wilbon* v. *Washington Fidelity National Ins. Co.*, 182 Ark. 57, 29 S. W. (2d) 680; *Metropolitan Life Ins. Co.* v. *Johnson*, 105 Ark. 101, 150 S. W. 393.

The burden was upon appellant to show that false and material representations, which induced the issuance of the policy, were made to it by the insured knowingly and wilfully and with the intent to deceive the insurer; but appellant not only failed to discharge the burden, but the preponderance of the testimony appears to support the proposition that insured was in good health at the time of the making of the application and the delivery of the policy.

No error was committed in excluding the testimony of Helen Robinson of the general hospital and Elizabeth Kellogg of the county hospital about the records of deceased in both these hospitals. Both testified that they were merely custodians of the records in the respective hospitals; that the records were made by the doctors and nurses; and that their duty consisted in placing them in the files. No reason was given why the doctors and nurses were not able to testify, and they were the proper parties to do so, and the records were properly excluded. The excluded evidence, if admitted, would have been merely cumulative to the testimony of Drs. May and Whitehead, whose testimony was introduced, and would have served merely to bolster it up. If the records were admissible, they should have been introduced by the parties who made them, so that appellee could have the opportunity to cross-examine the witnesses upon the items therein. *Roberson* v. *Roberson*, 188 Ark. 1018, 69 S. W. (2d) 275.

The waiver signed by the insured, relative to the production of testimony by physicians and nurses, did

170

not remove the restrictions imposed upon the above witnesses under § 4149, Crawford & Moses' Digest, since they were neither physicians nor nurses and made no records of any kind in the case.

There is no testimony or evidence showing that the insured knew that he had tuberculosis before making the application and receiving the policy from appellant company; and it was a question for the jury to determine whether fraud was practiced on the appellee in securing the release, and same has been decided against the appellant. *Harper v. Bankers' Reserve Life Co.*, 185 Ark. 1082, 51 S. W. (2d) 526.

The settlement was obtained by taking the beneficiary by surprise and requiring her to act at once, without having the policy in her possession or learning its provisions and without an opportunity to take legal advice or ascertain the facts. *Order of Commercial Travellers v. McAdam*, 125 Fed. 358, 61 C. C. A. 22.

The case was submitted under instructions to which there were no objections; the testimony is amply sufficient to support the verdict; and, finding no error in the record, the judgment is affirmed.