WELLS v. GOLDEN.

4-7759                                      191 S. W. 2d 251

Opinion delivered November 26, 1945.

*W. E. Beloate, Sr.,* for appellant.

*Smith & Judkins* and *Blackford & Irby,* for appellee.

ROBINS, J. This appeal is from decree of the lower court, entered after filing of mandate issued from this court in the case of *Shinault* v. *Wells,* 208 Ark. 198, 186 S. W. 2d 26.

The litigation was begun by the state filing a petition to confirm its tax title to certain lands in Lawrence county, among them the lots in the town of Minturn involved herein. In its petition the state alleged that it had acquired title to this property by forfeiture and sale for nonpayment of taxes of 1938.

Mrs. Fairbelle Mitchell, now deceased, intervened in the confirmation proceeding, alleging ownership of the property and invalidity of the tax title of the state. She also filed a cross-complaint against Homer Shinault and W. H. Golden, appellees in the case at bar, setting up that each of these parties had purchased certain of these lots from the state, and that they had also obtained conveyances (alleged by her to be void) for the same property from Village Creek Drainage District; and she offered to redeem and prayed a cancellation of muniments of title held by Shinault and Golden.

Pending trial of the case, the intervener, Mrs. Fairbelle Mitchell, died, and the cause was revived in the name of her daughter and sole heir, Juanita Wells, and her surviving husband, Ebb Mitchell.

On consideration of the former appeal, it was held by us that Mrs. Mitchell's right to redeem from the sale for drainage assessments had expired and that, since she had lost title by the drainage district's foreclosure proceeding, through which the district acquired title, her daughter and her husband had no right to the property. We also held that the conveyances from the district to Shinault and Golden were invalid, because the power of attorney under which the district's agent conveyed the lots to them did not authorize these conveyances. We reversed the decree of the lower court in favor of Mrs. Mitchell and directed that her intervention be dismissed "as having been filed by a person who had no title to or interest in the lots at the time the intervention was filed."

After the mandate of this court was filed in the lower court, the interveners, Juanita Wells and Ebb Mitchell, filed a motion asking that they be permitted to dismiss their intervention without prejudice. This motion was overruled.

Thereafter appellees, Shinault and Golden, filed a pleading denominated "Amendment to Cross-Complaint," in which they averred that after our decision herein the commissioners of Village Creek Drainage District adopted a resolution ratifying the sale and convey-

ance of the lots in dispute to them and authorizing new conveyances to evidence the same; and these conveyances, duly signed and acknowledged, were exhibited. Appellees prayed that their title to the respective lots claimed by each of them be quieted. To this appellants responded with a general denial and with the assertion that this new pleading filed by appellees was not germane to the original litigation and that the court had no jurisdiction to award relief thereunder. The drainage district was made a party and entered its appearance.

On final hearing the lower court rendered decree dismissing the intervention and cross-complaints of Fairbelle Mitchell, Juanita Wells and Ebb Mitchell and confirming title of appellees, Shinault and Golden, as against interveners and also the drainage district. Interveners, Juanita Wells and Ebb Mitchell, have appealed.

It is first urged by appellants that the lower court erred in not permitting them to take a non-suit after the mandate was filed. This mandate directed the lower court to dismiss the appellees' intervention because they had no title to the property in dispute. This was an adjudication of their rights, and, after their claim of ownership had been decided adversely to them by us, it was too late for them to take a non-suit. 5 C. J. S. 1532.

It is next urged by appellants that the lower court erred in permitting appellees to file amended pleadings setting up their new deeds to the property, obtained by them after our decision herein. The rule ordinarily is that, on reversal of a chancery case, the lower court must do no more than comply with the directions contained in this court's mandate. But it has been held that, where the status has been changed subsequently to the first decree, this may be brought to the attention of the lower court, and relief awarded as the altered situation may require, after the mandate of this court is filed in the court below. ''The inferior court is bound to carry out the judgment of the superior court, rendered on appeal or writ of error, although the proceedings of the superior court may be irregular, or its decision made upon a misapprehension of facts. But in regard to matters arising

subsequent to the decision of the superior court, the inferior court is free to act in carrying out the decision according to its own judgment of the law.'' (Headnote) *Cunningham* v. *Ashley,* 13 Ark. 653.

In the case of *Greer* v. *Turner,* 36 Ark. 17, this court said: ''The matters of this supplemental complaint could not have been considered on the first submission below, nor here, on the former appeal. They occurred *pendente lite.* Chancery delights in closing in one suit all litigation concerning the subject-matter down to the time of final submission. Otherwise, it would be interminable. If the chancellor had refused to consider this supplemental bill its matter would have afforded grounds for another suit, with additional delays and expenses. It is equitable on its face. The chancellor exercised a proper discretion in refusing to strike it out, and did not err in overruling the demurrer.'' See, also, *Chicago Mill & Lumber Company* v. *Osceola Land Co.,* 94 Ark. 183, 126 S. W. 380; *Donahue* v. *Arkadelphia Milling Company,* 179 Ark. 409, 16 S. W. 2d 569; *Chronister* v. *Robertson,* 208 Ark. 11, 185 S. W. 2d 104.

The lower court, in permitting appellees to amend and set up deeds, obtained by appellees from the district after our decision on the former appeal, and in confirming appellees' title, did not abuse its discretion; and, in any event, appellants are in no position to complain, because it has already been held by us that they have no title to the property in dispute.

It is finally urged by appellant that the new deeds executed by the drainage district to appellees were not duly authorized by the district. The drainage district offered no objection to these deeds or to confirmation of title in appellees as against it. The district has not appealed. Therefore, even if these deeds were not properly executed, all rights of the district, except as to future assessments, were barred by the decree.

The decree of the lower court is affirmed.