HILL *v.* JONES.

4-9665                                    245 S. W. 2d 573

Opinion delivered January 28, 1952.

Rehearing denied February 25, 1952.

*William E. Beloate, J. Troy Foster* and *Hugh W. Trantham,* for appellant.

*Smith & Ponder,* for appellee.

HOLT, J.  Appellees brought this suit against Boyce Hill to cancel and set aside a deed from Juanita Wells to Hill as being a cloud on their title.  The deed was executed September 24, 1948, to certain property here involved.  They alleged, in effect, that Juanita had no title or interest in the property to convey to Hill.

Appellant filed answer and cross complaint denying all material allegations and further alleged that Clay Sloan deeded to ''Juanita Wells his title to the lands described in the complaint filed herein by his deed to her, and that Juanita Wells conveyed same to this cross complainant by the deed which the plaintiffs are seeking to cancel.''

At the trial, appellant relied primarily upon the deed from Clay Sloan to Juanita Wells alleged to have been executed ''in the late forties,'' never recorded and lost.

The Chancellor found ''that the prayer of the plaintiffs is well taken and sustained that the deed from Juanita Wells to the defendant, Boyce Hill, is void, and is hereby cancelled, set aside and held for naught and is removed as a cloud upon the title to the lands herein described; that the cross complaint of the defendant, Boyce Hill, is dismissed for want of equity, and that the defendant failed to establish by clear, convincing and cogent evidence the existence of the unrecorded lost deed from Clay Sloan to Juanita Wells to the lands here involved.''

From the decree is this appeal.

The property involved here has been the source of much litigation resulting from its sale in 1939 for the 1938 taxes due the Village Creek Drainage District. The present appeal is the fourth attack here on this tax sale, *Shinault* v. *Wells,* 208 Ark. 198, 186 S. W. 2d 26, *Wells*

v. *Golden,* 209 Ark. 378, 191 S. W. 2d 251 and *Hill* v. *Village Creek Drainage District,* 215 Ark. 1, 219 S. W. 2d 635. Another attack was also made in Federal Court, *Mitchell* v. *Village Creek Drainage District,* 158 Fed. 2d 475 (C. C. A. 8), and all failed.

Appellant is the brother of Mrs. Fairbelle Mitchell, Juanita Wells is his niece and the daughter of Mrs. Mitchell.

For reversal, appellant contends that the trial court erred in holding that he had failed to establish the lost deed in question. Our rule is well established that the burden is on one who would establish a lost deed to show its execution by clear, cogent and convincing testimony.

In *Erwin* v. *Kerrin,* 169 Ark. 183, 274 S. W. 2, we said: ''The rule is well established in this State, as well as by the authorities generally, that the burden is upon one who claims title under the alleged lost instrument to establish the execution, contents, and loss of such instrument by the clearest, most conclusive and satisfactory proof.'' (Citing a number of cases.)

We agree with the court that appellant failed to sustain the burden of proof required. Juanita's testimony relative to the deed in question was, in effect, that Clay Sloan gave her a quitclaim deed to the property ''in the late forties,'' (or late in 1940), that the deed was never recorded and was lost, along with a cancelled check in payment, out of a moving van which was carrying her household goods to California. Certain correspondence between Juanita and Clay Sloan in 1936 and 1937, relating to the proposed purchase of this property by Juanita was in evidence. This correspondence shows that a check for $208 in part payment on Juanita's offer to purchase failed to clear, and further strongly tended to show that the alleged purchase was never consummated. A period of about ten years appears to have elapsed (according to Juanita's own testimony) from the date of the last correspondence in 1937 until the time,—in the late forties, —when she claimed Sloan executed the deed to her. As indicated, we hold that the Chancellor correctly held that she had failed to establish the alleged lost deed.

Appellant's contention that Juanita was a necessary party to the suit is without merit for the reason that she had no interest whatever in the property involved or any rights to protect and therefore was not a necessary party. See the previous decisions of this court and that of the Federal court above.

Finding no error, the decree is affirmed.

WARD, J., not participating.