## WOODWARD *v.* STATE.

Opinion delivered October 21, 1907.

1. TRIAL—SUFFICIENCY OF VERDICT.—Where two persons were jointly indicted and tried for a felony, a verdict finding them both guilty and assessing their punishment at one year in the penitentiary is sufficient to support a judgment of imprisonment for the term specified against each of them. (Page 120.)

2. EVIDENCE—OTHER CRIMES.—In a prosecution for receiving stolen property, proof that the defendants had other stolen property in their possession was admissible to throw light upon the knowledge or intent with which the property in question was held. (Page 120.)

3. WITNESSES—WIFE OF CODEFENDANT.—Where several persons are tried together under a joint indictment, the wife of neither one of the defendants is a competent witness in favor of a codefendant when her testimony in any way affects the interest of her husband. (Page 121.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

STATEMENT BY THE COURT.

The appellants were indicted for larceny in the first count, and for receiving stolen property in the second count, and the jury returned the following verdict: "We, the jury, find the defendants in the first count not guilty. B. W. Benton, Foreman. We, the jury, find the defendants guilty in the second count as charged in the indictment, and assess their punishment at one year in the State penitentiary. B. W. Benton, Foreman." Judgment was rendered, sentencing each to one year in the penitentiary, and they have appealed.

The appellants, father and son, were living upon and running a trading boat on the Arkansas River. Evidence was adduced tending to prove that the articles in question were stolen by a man named Walter Christopher, who went by the name of John Jones, and were brought by him to the boat, and that the appellants knew that they were stolen goods when they were received by them. Evidence was also adduced tending to prove that the appellants had other stolen property upon their trading boat. Various stolen articles, not those mentioned in the indictment, were identified. Evidence was also adduced tending to prove the appellants not guilty.

Objection was made by the appellants to the testimony showing they had other stolen property than that for which they were indicted in their possession. The appellants were tried jointly, and during the trial the wife of each was tendered as a witness by the other defendant, and severally rejected.

*William F. Kirby,* Attorney General and *Daniel Taylor,* for appellee.

1. Evidence tending to prove that defendants had received stolen property other than that described in the indictment was admissible as tending to show their guilty knowledge with reference to the property named in the indictment. 75 Ark, 427; 72 Ark. 586; 49 Ark. 449; 52 Ark. 303; 43 Ark. 367; 2 Ark. 229.

2. The wife of one of two defendants jointly indicted and tried is not competent to testify for the other. 6 Enc. Ev. 880; 20 Ark. 36; 42 Ark. 204; 74 Ga. 431; 106 Ga. 116.

3. In the light of the testimony there is no ambiguity in the verdict. The form of a verdict is immaterial if the intention of the jury is sufficiently apparent. 29 Am. & Eng. Enc. Law, 1038, 1017.

HILL, C. J., (after stating the facts.)    1. Objection is raised to the form of the verdict as too indefinite to fix the punishment of each separately. It was manifestly intended by the jury to assess their punishment at one year each, as it would be improbable that they intended a joint sentence, each serving six months alternately or concurrently. "While absolute certainty is not essential (in a verdict), there must be certainty to a common and reasonable intent." 29 Am. & Eng. Enc. of Law (2d Ed.), 1016. This verdict is sufficient to meet the requirement.

2. Objection is raised to the evidence of the presence of other stolen property in the house-boat of the appellants.

Mr. Wigmore, in discussing where evidence of other offenses or similar acts may be admitted, says, regarding the crime of stolen goods: "The act of possession is in this class of cases (except rarely) conceded, and the question is as to the criminal intent, and, specifically, as to the knowledge accompanying the possession. In what way does the fact of possession of other stolen goods at other times throw light upon this knowledge or this intent?" And answers the question as follows: "(a) As to the first element, it may be assumed that the receipt of stolen goods is in itself always more or less likely to

result in a warning, chiefly because the owner is apt to follow them up and reclaim them, but also in part because a purchase not made in the ordinary course of trade has often suspicious features about the vendor's offer. (*b*) As to the second element, the warning thus obtained can affect the subsequent receipt of other goods upon one condition only, namely, that there is a similarity in the transactions *i. e.,* that the same person comes to dispose of the second article, or that the second article is of the same lot as the first," 1 Wigmore on Evidence, § 324.

In discussing the admissibility of evidence of other crimes, this court said: "It must be remembered always that such evidence is admissible only for the purpose of showing particular intention, knowledge, good or bad faith, when these are in issue and essential to constitute the crime?" *Howard* v. *State, 72* Ark. 586.

The court approved this case in another application of the same principle in *Johnson* v. *State,* 75 Ark. 427.

There was no error in admitting evidence of the possession of the other stolen property in this case.

3. As to the admissibility of the testimony of the wife of either of the defendants, while they were jointly upon trial: "where several persons are tried together under a joint indict-, ment, the wife of neither one of the defendants is a competent witness against a co-defendant of her husband, where her testimony in any way affects the interest of her husband:" 6 Enc. Evidence, 880, and authorities cited. See also *Trowbridge* v. *State,* 74 Ga. 431; *Stephens* v. *State,* 106 Ga. 116.

The appellants seem to have had a fair and impartial trial according to the principles of criminal jurisprudence.

Judgment affirmed.