CONLEY v. STATE.

Opinion delivered March 19, 1928.

1. INTOXICATING LIQUORS—POSSESSING STILL—EVIDENCE.—Evidence *held* to sustain a conviction of possession a still.

2. INTOXICATING LIQUORS — ADMISSIBILITY OF EVIDENCE. — Where defendant and his wife were found near a still, it was not error to admit in evidence a fragment of goods which matched the wife's dress, found among the rags apparently used in wiping out the still, since the jury could infer that the fragment was so used by appellant because it was a piece of his wife's dress goods.

3. WITNESSES—COMPETENCY OF WIFE.—In a prosecution for possessing a still, where a fragment of cloth which matched the defendant's wife's dress was found among the rags at a still, and was apparently used to wipe the still, it was not error to refuse to permit defendant's wife to testify that such fragment did not come from her dress, and that tracks leading from the still were not her tracks, since she was not a competent witness for or against her husband.

4. WITNESSES—COMPETENCY OF WIFE.—Crawford & Moses' Dig., § 6178, providing that no one shall be excused from testifying in prosecutions for violating the act relating to intoxicating liquor, *held* not to change or repeal the rule regarding exclusion of testimony of the husband or wife for or against each other.

5. CRIMINAL LAW—INSTRUCTIONS.—In a prosecution for possessing a still, refusal of defendant's instruction that, before the jury could convict, all facts and circumstances must together be inconsistent with any reasonable hypothesis except that of guilt, was not error, where the court instructed on reasonable doubt and presumption of innocence, and stated that the jury must find beyond reasonable doubt that the defendant owned the still or exercised control over it, before he can be convicted.

Appeal from Miller Circuit Court; *J. H. McCollum,* Judge; affirmed.

*Pratt P. Bacon,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, C. J. L. A. Conley prosecutes this appeal to reverse a judgment of conviction against him for the statutory crime of possessing a still.

The first assignment of error is that the evidence is not legally sufficient to support the verdict. Accord-

ing to the evidence for the State, two Federal prohibition agents met L. A. Conley and his wife on the main road, just before they got to Boyd, in Miller County, Arkansas. It was late in the evening, and the Conleys were going towards home. There had been no other cars along the road, and the prohibition agents backtracked the car of the Conleys, or followed its tracks back to where it had come from. Where the car had stopped there was a turn-around which had been used in turning the car around on other occasions. Near where the car had been stopped and turned around the officers found a complete two-hundred-gallon copper still with a 3-ply 16-foot copper worm. The worm was lying in a branch near by, and the branch had been dammed up. The still was complete except for the cap. The officers returned to the place on the next morning and discovered L. A. Conley and his wife within 15 or 20 feet of the still. They approached them and arrested them when they had got about 50 yards or more away from the still. The officers found that the still had just been wiped out with some rags. Among the rags they found a piece of cloth that matched the dress of Mrs. Conley. They followed a woman's tracks leading from the still, and found a cap which just fitted the still. They went back to the Conleys' house, and found some sheet copper under it. They also found a workbench in some open woods about 50 yards from his house, and on it were some pieces of sheet copper. About 16 barrels of mash were found by the officers at the still, and the still had been wiped out, evidently for the purpose of making a run. This evidence was legally sufficient to support a verdict of guilty.

It is true that, according to the evidence for the defendant, he and his wife were hunting work, and did not own the still or have it in their possession. The jury, however, were the judges of the credibility of the witnesses, and might have believed, under the attendant circumstances, that the defendant was in possession of the still. He was seen by the officers going from the

direction where the still was found, late one evening, and his car tracks led to a place near the still, and the ground indicated that the car had been turned around there several times. Early the next morning the defendant and his wife were found within 15 or 20 feet of the still, and a piece of goods which matched his wife's dress was found among some rags which appeared to have been used in wiping out the still.

Counsel for the defendants claim that it was prejudicial error to admit as evidence testimony to the effect that the piece of goods found near the still appeared to have been a piece of his wife's dress. We do not think so. This was evidence of a substantive fact, and the jury might have inferred, from the fact that the piece of dress goods was found among other rags which had been used by some one in wiping out the still, that it was so used by the defendant, for the reason that it was a piece of the dress goods of his wife.

It is next contended that it was error for the court to refuse to permit the defendant's wife to testify that the piece of cloth did not come off her dress, and that the tracks leading from the still to the place where the cap was found were not her tracks. The wife was not a competent witness for or against her husband, and there was no error in excluding her evidence from the jury. *Woodard* v. *State,* 84 Ark. 119, 104 S. W. 1109; *Padgett* v. *State,* 125 Ark. 471, 188 S. W. 1158; and *Gin Fuey Moy* v. *United States,* 254 U. S. 189, 41 S. Ct. 98, 65 L. ed. 214.

But it is claimed that the general rule has been changed by § 6178 of Crawford & Moses' Digest, which provides:

"No person shall be excused from testifying before the grand jury or on the trial in any prosecution for any violation of this act; but no disclosure or discovery made by such person is to be used against him in any criminal or penal prosecution for or on behalf of the matters disclosed."

This act was passed by the Legislature of 1917, and was part of an act prohibiting the shipment of intoxicating liquors into the State and the transporting of the same within the State, and for other purposes regulating and prohibiting the sale and storage of intoxicating liquors. It was not intended to repeal, change or alter the rule with regard to the admission or exclusion of the testimony of husband and wife for or against each other. The purpose of the statute was simply to prevent the testimony given on any prosecution for a violation of the act from being used against the person giving it in any criminal trial which involved the matters disclosed. Hence we hold this assignment of error is not well taken.

It is next contended that the court erred in refusing to give instructions Nos. 5 and 9 asked by the defendant. Instruction No. 5 in effect told the jury that, before it could convict the defendant, it must find from the evidence, beyond a reasonable doubt, that the defendant was present when the crime was committed, and had the still in his possession. In other instructions given by the court the jury was told that, if it should find from the evidence, beyond a reasonable doubt, that the defendant, in Miller County, Arkansas, at any time within three years before the indictment was returned, had in his possession a still, it would be its duty to convict the defendant. Thus it will be seen that the matters embraced in instruction No. 5 were contained in the instructions given by the court.

In instruction No. 9, requested by the defendant, the jury was asked to be instructed that, before it could convict the defendant, all the facts and circumstances considered together must be inconsistent with any reasonable hypothesis except that he is guilty. The court instructed the jury fully and fairly on the question of reasonable doubt and the presumption of innocence which accompanies the defendant throughout the trial, and expressly told the jury that it must find, beyond a reasonable doubt, that the defendant was the owner of

the still, or exercised control over it, before he could be convicted. This was sufficient. *Bost* v. *State,* 140 Ark. 254, 215 S. W. 615.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.