Robison *v.* State.

Crim. 3963

Opinion delivered October 21, 1935.

456

*Roy Gean*, for appellant.

*Carl E. Bailey*, Attorney General, and *J. F. Koone*, Assistant, for appellee.

SMITH, J. Appellant was tried and convicted under an indictment which charged that on March 23, 1935, he had received a number of articles of merchandise, which were named and valued in the indictment, knowing that they had been stolen. It was alleged that the stolen property was owned by John and Joe C. Bonds, who were partners doing business as Bonds Grocery Company. For the reversal of this judgment, it is insisted (1) that the testimony is insufficient to support the verdict; (2) that the court erred in admitting certain testimony and in the exclusion of certain other testimony, and (3) in refusing to give an instruction numbered 9 requested by appellant.

The testimony on the part of the State was to the following effect: The store of the Bonds Grocery Company was broken into during the night of March 22, and a quantity of merchandise was stolen. A warrant was issued directing the search of appellant's store, and Joe Bonds accompanied the officers there to participate in the search. He testified that he was awakened by the night watchman about 5 or 6 A. M. on the morning of March 23; that when he went to the store of appellant, Robison, with the officers who had the search warrant he found Mr. and Mrs. Robison there. He saw four boxes

of candy, which Mrs. Robison stated, in the presence of her husband, had been purchased from Mr. Peet, the night man. He testified that this candy had been taken from his store. He recognized it by the kind and quantity of candy in one of the boxes, and he stated to the Robisons: "Well, I think you got all of it from around my show case," and appellant, Robison, answered, "I don't want anything but mine." He testified that four cans of Royal baking powder had been stolen from his store. He saw four cans of this baking powder in appellant's store. It cost 16 2/3 cents a can wholesale. Appellant was retailing it at 10 cents per can. Appellant, Robison, stated to the officers that he had bought that morning about daylight a lot of groceries from one of the Pritchetts, but did not know which one. He had bought altogether two lots of merchandise, each of which had been delivered in a big Buick car. He had paid $25 for the lot delivered on the morning of March 23 and $20 for the previous lot. He did not give his vendor a list of merchandise to be delivered, but did tell him what he could use.

John Bonds testified that he learned of the burglary about 3 A. M. on the morning of March 23. He saw the Pritchett boys bring to Mr. Hoffman's garage a Buick car which had been stolen out of the garage that night. There were no lights on the car, although it was dark. He saw the property which the officers had recovered under the search warrant. It was all of the kind and character which had been stolen from him.

Witness Bateman testified that early on the morning of the 23d he saw two men in a Buick car. He saw some sacks of sugar and a 48-pound can of lard in the car.

The deputy sheriffs who served the search warrant testified that they told appellant they had a warrant to search the place and wanted the stuff Pritchett had brought there. Appellant's face turned red and he said: "Yes, I will get it for you." Appellant would take the articles off the shelf as the officers read them off the list, remarking: "I got this off him." They testified that appellant said: "I bought it off of two fellows that came just before day." They testified that appellant said that he did not give these boys or fellows specific orders for

goods, but he gave them a list of the stuff he handled and had a market for. The Bonds testified positively that certain stolen merchandise found in appellant's store belonged to them.

Appellant testified that he bought the merchandise from the driver of a Ford truck; that other merchants bought similar merchandise in the same manner, and that he bought it because it was cheaper than the prices of the wholesalers, and that he did not know the property was stolen.

The chief insistence for the reversal of the judgment of conviction is that the testimony does not sufficiently show that the goods had been stolen which were found in appellant's store which he had purchased on the morning of the 23d, and that, if so, it was not shown that they had been stolen from the Bonds Grocery Company as alleged in the indictment.

The circumstances of this transaction as hereinabove briefly outlined lead irresistibly to the conclusion that the merchandise was stolen, and that appellant must have known that this was true. The sale in bulk, out of a sedan car, before day, without an invoice, by an irresponsible and unknown person, at a price admitted to be less than that of the wholesalers, is certainly sufficient to apprise a man of ordinary intelligence that a thief was attempting to dispose of his loot.

Now, if the goods were stolen, and appellant knew this to be the case when he received the goods, it is immaterial that he may not have known from whom they had been stolen, and the State was not required to prove that appellant had this knowledge when the goods came into his possession.

But it was necessary to prove that the goods were stolen, and the name of the owner was therefore alleged in the indictment. This was one of the material allegations of the indictment. The Bonds identified positively some of the stolen property as belonging to them, and they testified that the remainder of the stolen property was of similar brands of merchandise, and, if the testimony sufficiently shows that any of the stolen property belonged to the Bonds, it is a fair inference that the re-

mainder was also theirs, and there is no question about the sufficiency of the proof of value.

The testimony was certainly sufficient to warrant the submission of these questions to the jury, and is sufficient also to sustain the verdict which was returned by the jury.

The court refused to give an instruction numbered 9, requested by appellant, which reads: "You are instructed that it is a material element of this offense that the property alleged to have been stolen be identified as the property of the person mentioned in the indictment as being the owner thereof." This instruction is the law, and might well have been given, but there was no error in refusing to give it, as it was fully covered by an instruction given by the court which charged the jury that, before the defendant could be convicted, it must be found, beyond a reasonable doubt, that the property had been stolen from the alleged owner; that the defendant received said property after the same had been stolen, and that at the time defendant received said property, if he did receive it, he knew the same had been stolen.

Of course, as has been said, if the testimony supports the finding that these essential facts were proved, it would be unimportant that the defendant may not have known who the owner of the stolen property was.

Testimony was offered, over appellant's objection, by one of the officers who served the search warrant that he had found a list of groceries in an abandoned automobile. The connection of appellant with this list was not made to appear, and the testimony should have been excluded for this reason. But we think it could not have been prejudicial.

Appellant offered to prove by his wife that she had purchased the four boxes of candy which Joe Bonds found and identified as having been taken from his store; but she was not permitted to testify. This was not error. The applicable rule of evidence is § 3125, Crawford & Moses' Digest, which reads as follows: "In any criminal prosecution a husband and wife may testify against each other in all cases in which an injury has been done by either against the person or property of either;" otherwise they are incompetent to testify for or against each

other. *Woodward* v. *State,* 84 Ark. 119, 104 S. W. 1109; *Lighter* v. *State,* 157 Ark. 261, 247 S. W. 1065; *Conley* v. *State,* 176 Ark. 654, 3 S. W. (2d) 980.

The real and important question in the case is the one of fact whether the property alleged to have been stolen was the property of the Bonds Grocery Company, as alleged in the indictment. As above stated, we think the testimony is sufficient to show that it was, and the judgment must therefore be affirmed, and it is so ordered.