DUNCAN *v.* STATE.

Crim. 4086

Opinion delivered May 9, 1938.

*H. G. E. Beauchamp* and *Vol T. Lindsey,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

BAKER, J. Appellant was indicted on the 24th day of September, 1936, upon a charge of grand larceny. It is charged that J. P. Duncan and B. F. McComas, in Benton county, on the 1st day of July, 1936, did unlawfully, wilfully and feloniously steal, take and carry away $500 in gold, silver and paper money, the property of Sam Tolbert. The trial was had on September 28, 1937, and Duncan was convicted upon a trial, separate and apart from his co-defendant, McComas, and his punish-

ment was fixed at three years in the penitentiary. Counsel for appellant says in his brief "We wish to present this appeal on behalf of the defendant under three distinct heads. First: Because the evidence clearly shows that there was no larceny committed as alleged in the indictment, and there is no evidence upon which a conviction could be had. Second: Because the court erred in refusing to direct the jury to return a verdict for the defendant at the conclusion of the state's testimony. Third: Because the court erred in refusing to give the one instruction requested by the defendant."

Although appellant has offered three subdivisions, or headings, under which the appeal is presented, the first and second of these subdivisions may be well combined into one, as any discussion of either one of these matters as designated must be a discussion of the other. Our consideration, therefore, of this case results in a discussion of the sufficiency of the testimony to warrant a conviction under the indictment, and in a determination of the propriety of the court's refusal to give the one instruction requested by appellant upon the trial.

We shall not attempt extensive quotations from the voluminous testimony offered and heard upon the trial of this case. It has become the settled law of this state that upon an appeal in a matter of this kind, the evidence must be considered in the light most favorable to the state, or if substantial testimony that may have been offered is sufficient in itself to support the verdict, the verdict must be upheld. Stated otherwise, whatever testimony there may be that is in conflict with that portion of the same which supports the conviction will be disregarded, and the jury's verdict will be deemed as conclusive upon the disputed issues. *Link* v. *State,* 191 Ark. 304, 86 S. W. 2d 15; *Clayton* v. *State,* 191 Ark. 1070, 89 S. W. 2d 732; *Smith* v. *State,* 194 Ark. 264, 106 S. W. 2d 1019; *Slinkard* v. *State,* 193 Ark. 765, 103 S. W. 2d 50; *Tucker and Peacock* v. *State,* 194 Ark. 528, 108 S. W. 2d 890.

It is argued by the appellant that the evidence of the prosecuting witness, Sam Tolbert, is so flimsy, so

unsettled. and so disconnected that it should not be regarded as sufficient to support any verdict. We agree with the contention to the extent that the testimony is not altogether satisfactory; that the witness seemed to have a very bad memory; that some of his statements are conflicting with others made by him. While all this is true, it only furnishes a matter for argument, and it may have been made with propriety, to the jury upon the trial of the case. This jury had for consideration not only the words of the witnesses, but the appearance of the witnesses upon the stand. It is probable that many members of the jury knew these witnesses and the defendant, and they heard the explanation made by all of them. They might have believed, and probably did, that before the ex-soldier received his bonus money he was practically in charge of the appellant; that he went to live in appellant's home; that when the bonus money came appellant placed a small sum of money, which he had, together with the much larger amount belonging to this ex-soldier, in the bank to their joint account, and he immediately wrote a check upon it for $350 to buy a truck, which so far as this record discloses the ex-soldier could not use, and the ex-soldier was induced to give, in addition to this $350, a note for the balance due upon the truck, amounting to about $150. More than $200 of this bonus money was not deposited in the bank. Tolbert says that he saved this out, and that it was picked up by appellant, or, as he says, appellant "grabbed it," and did not redeliver this money to him. The jury had a right to believe this statement after it heard all this testimony.

Later, when Tolbert went to the bank and withdrew that small balance he had there, of about $130, he says that he was induced by the appellant to deliver that over so that it might be redeposited in the bank, and that it was not again deposited by the appellant. Tolbert says that he does not know what became of the cattle and calves bought by himself and Duncan, though Duncan himself explains that they were left at the home of his father-in-law. The jury need not have believed Dun-

can's statement, perhaps did not. Duncan did not attempt to explain or show in any manner what became of the $130, which he received to be again deposited. However unsatisfactory may have been the halting, broken statements of Tolbert, in regard to the conduct of appellant, such testimony is as satisfactory and conclusive as are the explanations of appellant concerning his own conduct.

If this testimony be believed by the jury, and be now considered by us in the light most favorable to sustain a conviction, it is ample for that purpose and warrants the verdict rendered and consequent judgment.

The third alleged error is the refusal of the court to give the following instruction: "You are instructed that if the prosecuting witness abandoned and left part of his property in the possession of this defendant, or that if the defendant was in possession thereof by consent of the prosecuting witness, said property so abandoned has not been stolen from him."

There is no evidence in this case, as we understand the record and the language of this instruction, that the prosecuting witness, Sam Tolbert, abandoned or left part, or any of the property in the possession of the defendant, but we presume that counsel for appellant, by the use of the expression "abandoned and left part of his property," meant to say that if the prosecuting witness had voluntarily surrendered and yielded possession of the property to the defendant, then the defendant's possession thereof would not be evidence of theft. We have reached that conclusion from the expression contained in the same instruction, stated, however, in the alternative, "that if the defendant was in possession thereof by consent of the property so abandoned, etc." The theory upon which this instruction was asked perhaps justified the instruction, but appellant cannot insist that there was error if the instruction offered by him was in itself erroneous. It was abstract. *White* v. *McCracken,* 60 Ark. 613, 31 S. W. 882; *Lackey* v. *State,* 67 Ark. 416, 55 S. W. 213; *St. Louis, I. M. & S. Ry. Co.* v. *Wilson,* 70

Ark. 136, 66 S. W. 661; *Hamilton* v. *State*, 62 Ark. 543, 36 S. W. 1054.

It was the duty of the appellant to prepare an instruction which would have properly submitted the particular theory of his defense, and if prepared and submitted with the request that it be given, most likely such instruction would have been read or submitted to the jury as were all the others.

In this case, however, the instructions given by the court submitted to the jury questions in regard to the stealing, taking and carrying away of the money belonging to the prosecuting witness, according to the charge in the indictment. There was no instruction that mentioned any of the cattle or other property bought or the possession thereof by the appellant or at the home of his father-in-law where he says he left them. It appears, therefore, that the state did not rely upon any fact disclosed directly or indirectly to the effect that Duncan had gotten possession of any of the property, as distinguished from money, that he still retained possession of such property or that he had delivered it or placed it in the custody of his father-in-law or others, but did rely solely upon the charge set forth and contained in the indictment, that he had stolen money, the property of Tolbert. The particular charge was covered by instructions given by the court which are unnecessary to set forth here because not mentioned by appellant. We have given full consideration to this refusal to give the instruction requested and find no error. A similar instruction was requested in the case of *Martin* v. *State*, 180 Ark. 1136, 24 S. W. 2d 317, and it was held there was no error in the court's refusal to give it.

The judgment is affirmed.