HOLCOMB v. STATE.

4237

Opinion delivered January 26, 1942.

*W. G. Bouic,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

HUMPHREYS, J. . Information was filed against appellant in the circuit court of Clark county on the 26th day of July, 1941, charging him with the crime of forgery and uttering on the 17th day of July, 1941, by forging a check for $6.45 on the Merchants & Planters Bank of Arkadelphia, Arkansas, also by uttering and passing the check on E. J. Nelson, who was in the filling station business, with the intention of cheating and defrauding him out of his money.

Upon a trial of the cause, appellant was convicted of the crime of forgery and adjudged to serve a term of two years in the state penitentiary as a punishment therefor, from which is this appeal.

Appellant's first assignment of error is that the evidence is insufficient to sustain the verdict and judgment.

According to the evidence revealed by the record, appellant gave E. J. Nelson a check on the Merchants & Planters Bank of Arkadelphia, Arkansas, of date July 17, 1941, payable to himself for $6.45 in payment of gasoline amounting to $1.40 and received the difference in money after indorsing the check in the presence of E. J. Nelson. At the time, E. J. Nelson inquired of appellant where J. E. Johnson, the drawer of the check, lived and was informed that he lived on the other side of Bismark. Payment of the check was refused by the bank and upon investigation it was found that J. E. Johnson had no account at the bank and that no one by the name of J. E. Johnson lived the other side of or in or about Bismark.

Alvin Stone, cashier of the Elkhorn Bank at Arkadelphia, Arkansas, who had had much experience in

handling and cashing checks and in comparing handwriting and signatures, when showed the check testified that it was written and signed by appellant who had indorsed the check.

The check itself was introduced in evidence and was open to the examination of the jury.

The evidence is, therefore, ample to sustain the finding of the jury that appellant forged the check.

The next assignment of error for reversal of the verdict and judgment is on account of certain remarks made by the prosecuting attorney in his closing argument to which at the time appellant objected and saved his exceptions.

The first remark made by the prosecuting attorney is as follows: "They haven't brought in a witness to show where he got this check." The court sustained appellant's objection and in doing so stated to the jury that the burden was on the state to prove the guilt of appellant beyond a reasonable doubt.

The next remark made by the prosecuting attorney was "It is their duty to bring in witnesses."

The objection was sustained by the court who said to the jury in doing so that: "It isn't a question of what might have been. It is a question of what the evidence in this case actually is. You will weigh the testimony you have heard and if that testimony convinces you beyond a reasonable doubt that this man is guilty, you will convict him, if it doesn't you will acquit him."

Certainly, appellant has no just cause to complain at these remarks because the court sustained his attorney's objections to the remarks and ruled them out.

Continuing, the prosecuting attorney, over the objections and exceptions of appellant, stated: "They have not brought in witnesses to show where that check came from. Don't you know if there had been a J. E. Johnson, they would have brought him in here? Don't you know, with all the resources they have at hand, they could have brought in experts on handwriting to say that wasn't the handwriting of the defendant? What are you going to

do with Rush Holcomb? What are you going to do with a criminal?"

We think the remarks made by the prosecuting attorney were inferences that he might well draw from the evidence in the case and argue to the jury without any prejudice resulting. It is true, as argued by counsel for appellant, that the remarks of the prosecuting attorney were not based upon any direct evidence or testimony, but were justifiable inferences drawn from the evidence in the case. We do not think the remarks made were for the purpose of creating prejudice against the appellant in the minds of the jury and in no way violated the constitutional rights of appellant. At least that was the interpretation placed upon the remarks by the trial judge and we cannot say that he abused his discretion in permitting the remarks to be made. It was said by this court in the case of *Crow* v. *State,* 190 Ark. 222, 79 S. W. 2d 75, that: "It has long been the established doctrine in this state that a wide range of discretion is allowed circuit judges in dealing with arguments of counsel before juries; this because they can best determine at the time the effect of unwarranted arguments. True, this discretion is not an arbitrary one, but may be reviewed in its exercise if abused."

Lastly, appellant assigns as error the court's refusal to give an instruction on circumstantial evidence.

At the conclusion of the testimony, counsel for appellant requested the court to give an instruction on circumstantial evidence, which the court refused to do over the objection and exception of appellant. Appellant's counsel did not offer any instruction on circumstantial evidence. If, under appellant's theory, he were entitled to an instruction on circumstantial evidence it was his duty to present an instruction to the court embodying this particular theory. *Duncan* v. *State,* 196 Ark. 171, 117 S. W. 2d 36.

In the instant case the state did not rely upon circumstantial evidence. The check was before the court and jury and the indorsement on the check made by appellant in the presence of E. J. Nelson tended to show that ap-

pellant had written the check in its entirety and signed the drawer's name to the check. This was very positive evidence and not what would be regarded as circumstantial evidence. If the state had relied upon circumstantial evidence, appellant would have been entitled to an instruction upon circumstantial evidence had he formulated, presented and requested an instruction of that kind.

No error appearing, the judgment is affirmed.