Jeannine STARBIRD Adm'x, estate of Bryan J.
Hilton *v.* Wade W. CHEATHAM

5-4272                                          419 S. W. 2d 114

Opinion delivered October 9, 1967

*Murphy & Burch,* for appellant.

*James R. Hale,* for appellee.

John A. Fogleman, Justice. Appellant seeks to reverse the judgment of the probate court in favor of a claimant for an indebtedness for construction work done by appellee for appellant's decedent, Bryan J. Hilton, because of the failure of the probate judge to exclude certain testimony because of the "dead man's statute." The key issue was whether the claim had been barred by the statute of limitations. This depended on a deter-

mination whether the statute was tolled by payments made by the decedent in his lifetime. Appellee offered in support of his position his statement of account, admittedly prepared after the death of decedent, which was attached to his proof of claim. He also offered as his business record a small notebook with one page showing payments made by the decedent. He also testified about these alleged payments over the objection of appellant. Appellee contends that even if the "dead man's statute" is applicable, appellant waived its application.

When claimant's attorney was examining him with reference to payments made by Hilton, as shown by the statement attached to the claim, appellant based his objection on the statute of limitations only. Appellee had answered, after the objection was overruled, that the payments made on the account by Hilton were shown on this sheet.

When the question was reworded to ask if those payments were made during Hilton's lifetime, appellant objected to any statement by the witness in regard to payments made by decedent. The objection was overruled. Appellee then identified and offered the small notebook which he said he kept in his own handwriting as a permanent record. Appellant's objection that the alleged business record was "self-serving, irrelevant and immaterial" was overruled. In addition to the items of the account, this showed the following:

"Payments on Bryan Hilton

| | Accts. |
|---|---|
| $100.00 | 54 |
| $200.00 | 56 |
| $200.00 | 58 |

| | |
|---|---|
| $200.00 | 61 |
| $ 75.00 | 62" |

Thereafter appellant's attorney cross-examined appellee as follows:

"Q. You prepared this after Mr. Hilton's death? (Cl. No. 1)*

A. Yes.

Q. I also ask you to examine this sheet here that is alleged to be a copy of an account reflecting certain credits?

A. Yes.

Q. When was that prepared?

A. Well, at each year.

Q. You prepared this each year?

A. I put it in my book what I had received from him during that year on these contracts.

Q. You prepared this each year?

A. Each year, yes.

Q. I'm talking about this sheet of paper itself, this particular one?

A. That was prepared when I filed the claim.

Q. When you filed the claim?

A. Yes.

Q. I see.

A. Or shortly before.

---

*This was the statement and supporting document attached to his claim.

Q. And Mr. Cheatham, you allege here that Mr. Hilton paid you certain payments, did he pay you any payments by check, or how were these payments made?

A. All of them except one was by check.

Q. Was by check?

A. By check.

Q. Do you know what those checks, where they were drawn and on what bank?

A. No, I don't know exactly. Some bank in Fayetteville, but I don't—

Q. Did he pay them to you directly?

A. How?

Q. Did he pay them to you directly?

A. I'm a little hard of hearing.

Q. Did he pay those payments to you directly?

A. Sometimes—some by mail and some directly. I don't know which is which.

Q. He sent some of those in the mail?

A. Yes.

Q. Now, do you recall which ones he sent by mail?

A. All of them except the last one he paid me cash, I believe it was all by mail, I'm not sure that they were all by mail, but part of them were.

Q. The last one was made by cash?

A. Yes.

Q. Do you remember, Mr. Cheatham, where this alleged cash payment was made?

A. Where it was made?

Q. Yes.

A. It was made in Lincoln.

Q. There in Lincoln, Arkansas."

Thereafter appellant renewed his objection to the sheet attached to the proof of claim only on the basis that it was prepared after Hilton's death.

There can no longer be any question that the effect of this statute can be waived by the action of a party in whose favor it might be invoked. *Lisko* v. *Hicks*, 195 Ark. 705, 114 S. W. 2d 9; *Harris* v. *Whitworth*, 213 Ark. 480, 211 S. W. 2d 101. The incompetency of the witness is waived where timely objection is not made. *Lisko* v. *Hicks, supra*; *Brickey* v. *Sullivan*, 208 Ark. 590, 187 S. W. 2d 1; *Carlson* v. *Carlson*, 224 Ark. 284, 273 S. W. 2d 542. Appellee argues that appellant's objection was untimely. We find that, even if it can be said that appellant made sufficient objection to the testimony to raise this question, his subsequent actions constituted a waiver of the statute. The incompetency is also waived, even though timely objection was interposed, when the same testimony, in effect, to which objection was made is brought out on cross-examination. *Harris* v. *Harris*, 225 Ark. 958, 286 S. W. 2d 849. His failure to object to the notebook on the ground now asserted and his cross-examination on the same subject bringing out virtually the same information as elicited on direct examination, particularly as to the last payment alleged to have been made by the decedent, certainly constituted a waiver.

We are not unaware of such cases as *Johnson* v. *Murphy*, 204 Ark. 980, 166 S. W. 2d 9; *Campbell* v. *Hammond*, 203 Ark. 130, 156 S. W. 2d 75; *Brittian* v. *McKim*,

204 Ark. 647, 164 S. W. 2d 435; *Smart* v. *Owen,* 208 Ark. 662, 187 S. W. 2d 312. All of these cases were based on the then existing rule that no objection was necessary, in chancery practice, to preserve an objection on this ground since this court tried such cases de novo and would consider only competent testimony. This rule was abandoned in *Umberger* v. *Westmoreland,* 218 Ark. 632, 238 S. W. 2d 495. Although the rule had been applied in probate cases after the adoption of Amendment 24, it was held to be no longer applicable after the *Umberger* decision. *Carlson* v. *Carlson,* 224 Ark. 284, 273 S. W. 2d 542.

The judgment is affirmed.

BYRD, J., dissents.