STATE of Arkansas *v.* Eugene LAMB and Frankie J. TAYLOR

5642 476 S.W. 2d 7

Opinion delivered February 14, 1972

 

Ray Thornton, Attorney General; Milton Lueken, Asst. Atty. Gen., for appellant.

No brief filed for appellees.

FRANK HOLT, Justice. The appellees were charged by information with the crime of first degree rape and upon trial were acquitted by a jury. The attorney general, at the request of the prosecuting attorney, brings this appeal pursuant to Ark. Stat. Ann. § 43-2720 (Repl. 1964) contending that the circuit court erred in refusing to give the state's requested instruction on third degree rape. Section 41-3401 (Supp. 1969) defines third degree rape as being sexual intercourse with a female or carnally abusing a female who is less than 16 years old. It appears undisputed that the two victims were 14 and 15 years of age respectively. Each of them testified that both appellees engaged in sexual relations with them without their consent and by forcible compulsion. The appellees denied the accusations.

It is well settled by our decisions that it is not the court's duty to give instructions on the appellant's theory of a case unless a correct instruction is presented to the court. *Cooley* v. *State*, 213 Ark. 503, 211 S. W. 2d 114 (1948); *Pate* v. *State*, 206 Ark. 693, 177 S. W. 2d 933 (1944); *Duncan* v. *State*, 196 Ark. 171, 117 S. W. 2d 36 (1938); *Carlton* v. *State*, 109 Ark. 516, 161 S. W. 145 (1913). In the case at bar our search of the record does not reveal that the appellant ever submitted an instruction on third degree rape or offered the pertinent contents of § 41-3401, *supra*, which defines the three degrees of rape.

However, since we deem "it is important to the correct and uniform administration of the criminal law," (§ 43-2720, *supra*) as the attorney general asserts, we observe that an instruction on third degree rape was proper in the case at bar upon the presentation of a correct instruction. We have long recognized that in the

prosecution for rape the lesser offenses of carnal abuse or assault with intent to rape are included in a rape charge where the evidence tends to show the lesser offenses. *Bradshaw* v. *State,* 211 Ark. 189, 199 S. W. 2d 747 (1947); *Sutton* v. *State,* 197 Ark. 686, 122 S. W. 2d 617 (1938); *Henson* v. *State,* 76 Ark. 267, 88 S. W. 965 (1905).

In the very recent case of *Clark* v. *State,* 244 Ark. 772, 427 S. W. 2d 172 (1968) we reversed a conviction for raping a 9-year-old girl because of the trial court's refusal to instruct the jury on the lesser offense of carnal abuse. We said that: "The offense of carnal abuse is included in a charge of rape where the female is under sixteen years of age." Section 41-3401, *supra,* defines first, second and third degrees of rape. As to third degree rape it reads: "A male is guilty of rape in the third degree when: (a) he engages in sexual intercourse with a female or carnally abuses a female who is less than sixteen (16) years old."

Sexual intercourse of a female is a necessary element in first degree rape. It follows that when the female is less than 16 years of age, then third degree rape is included in that offense. The court should so instruct upon request and presentation of a proper instruction when the evidence tends to establish the lesser included offense.

Of course, the acquittal of first degree rape bars subsequent prosecution for that and any lesser included offenses; also, the conviction of any degree of rape would bar successive prosecution for any other degree of rape. See § 43-2149 (Repl. 1964).

Affirmed.