METROPOLITAN LIFE INSURANCE COMPANY v. JOHNSON.

Opinion delivered October 14, 1912.

1. INSURANCE—STATEMENTS OF APPLICATION—CONSTRUCTION.—Whether statements in an application for insurance are warranties or representations depends upon the language in which they are expressed, the apparent purpose of the insertion or reference, and sometimes upon the relation which they bear to other parts of the policy or application, all reasonable doubts being resolved in favor of the assured.   (Page 105.)

2  SAME—WARRANTY.—A warranty, being a part of the contract itself, as contradistinguished from a representation which is a mere inducement to the policy, must necessarily appear in the contract itself or be so referred to in the policy as to indicate that it is intended to form a part of the contract.   (Page 105.)

3.  SAME—EFFECT OF FALSE REPRESENTATIONS.—Where answers in an application for life insurance constituted merely representations, a misrepresentation or omission to answer will not avoid the policy unless wilfully or knowingly made with intent to deceive.   (Page 105.)

Appeal from Craighead Circuit Court, Jonesboro District; *William J. Driver,* Judge; affirmed.

STATEMENT BY THE COURT.

Fanny Johnson sued the Metropolitan Life Insurance Company upon a policy issued upon the life of her sister, Hattie Bentley. No controversy is made as to the issuance of the policy and the death of the assured, but the payment of the policy is resisted on the ground that the insured made certain false answers in response to questions asked her in her application, and that said answers were warranties. The policy of insurance was not introduced in evidence. The application is dated December 31, 1910, and, so far as is material to the issues raised by the appeal, is as follows:

"To the Metropolitan Life Insurance Company:

"To induce the Metropolitan Life Insurance Company to issue policy, and as consideration therefor, I agree, on behalf of myself and of any other person who shall have or claim

interest in any policy issued under this application, as follows:

"*Wherever nothing is written in the following paragraph, it is agreed that the declaration is true without exception.*

"2.   I have never had any of the following complaints or diseases:   apoplexy, asthma, bronchitis, cancer or other tumor, consumption, disease of brain, disease of heart, disease of kidneys, disease of liver, disease of lungs, disease of urinary organs, dropsy, fistula, fits or convulsions, general debility, habitual cough, hemorrhage, insanity, jaundice, paralysis, pleurisy, pneumonia, rheumatism, scrofula, spinal disease, spitting or raising blood, ulcer or open sores, varicose veins, except ................

"4.   The following is the name of the physician who last attended me, the date of attendance and the name of the complaint for which he attended me:   Doctor Lutterloh, 1907, malarial fever.

"5.   I have not been under the care of any physician within two years unless as stated in previous except ........

"11.   No one of my parents, grand-parents, brothers or sisters ever had consumption or any pulmonary or scrofulous diseases, except................

"I hereby declare that the application to the Metropolitan Life Insurance Company for an insurance on my life was signed by me, and that I renew and confirm my agreements therein as to the answers given to the medical examiner, and I hereby declare that said answers are correctly recorded hereon.

"Signature of applicant.          Hattie Bentley.

"Every answer must be true or the policy will be void. Dated at Jonesboro, Ark., this 31st day of December, 1910."

Dr. J. H. Campbell, on behalf of the defendant, testified:   "I am a practicing physician, and knew Hattie Bentley' in her lifetime.   She died about the 23d day of August, 1911, and I waited upon her in her last illness.   Her symptoms were hemorrhages and expectorations and fever, dysentery and pleuric pains.   I diagnosed her case as phthisis consumption. 'Phthisis' means disease of the lungs.   I waited on her as a physician before that time.   In 1908 I treated her for chills and fever.   The last time I treated her was in July, 1909, and at that time she had a slight hemorrhage.   I thought she had consumption at that time.   In October, 1910, she had another

hemorrhage, and I then came to the conclusion she had consumption. I waited on Hattie Bentley's mother in 1895 and 1896. She had consumption. I prescribed for Lee Bentley, a brother of Hattie Bentley, in December, 1911, or January, 1912. He had a hemorrhage."

Dr. C. N. Lutterloh, for the plaintiff, testified as follows: "I treated Hattie Bentley about the 24th of May, 1911. She was suffering with pneumonia. If she had consumption, I did not find it out in treating her. I treated her mother for malaria. Neither Hattie Bentley nor her mother had consumption that I know of."

The brothers and sisters of Hattie Bentley testified that she did not have consumption, and that none of her brothers and sisters nor her mother had it.

The defendant requested the court to give the following instructions:

"(1) You are instructed that the answers of the insured, Hattie Bentley, to the questions in the application were warranted by her to be true; and if you find that her answers to any such questions were untrue, you will find for the defendant.

"(2) You are further instructed that if you find that the insured was suffering with consumption or phthisis prior to the time she applied for insurance with the defendant company, you will find for the defendant.

"(3) If you find that the insured was, prior to her application, last attended by another physician than stated in her said application, you will find for the defendant.

"(4) If you find that the mother, brothers, or sisters or other immediate members of the family of the insured died or were affected with consumption, you will find for the defendant."

The court refused to give instruction numbered 1, as asked by the defendant, but gave said instruction by inserting the word "knowingly" before the word "untrue," in the latter part of the instruction.

Instruction numbered 2, as asked by the defendant, was given in the form requested. The court refused to give instruction numbered 3, asked by the defendant, and gave instruction numbered 4 in a modified form as follows:

"If you find from a preponderance of the evidence that the mother, brothers or sisters or other immediate members of the family of the insured died, or were affected, with consumption prior to the application, and that the applicant had knowledge of the fact that the death of any such member or members of her family was due to such disease, or that any such member or members of her family had any such disease at the time, your verdict should be for defendant."

The jury returned a verdict for the plaintiff, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Gordon Frierson,* for appellant.

1. The court erred in modifying instruction 1 requested by appellant by inserting the word "knowingly" before the word "untrue." The applicant's statements were made warranties, and it is immaterial whether or not she had knowledge of their falsity. 113 Ind. 159; 125 N. Y. 761; 48 N. Y. S. 753; 5 O. Dec. 268; 16 Pa. Sup. C. 520; 50 Vt. 630; 114 Wis. 510.

2. Instruction 3, requested, should have been given. Appellant was entitled to have the truth of the applicant's statement that the last physician to attend her was Doctor Lutterloh, in 1907, submitted to the jury. 58 Ark. 528; 72 Ark. 620; 18 L. R. A. (N. S.) 362.

3. Instruction 4 was correct as asked. The court erred in modifying it.

*Hawthorne & Hawthorne,* for appellee.

1. Where the policy of insurance has not been brought into the record, this court will not presume that statements made by the applicant to the medical examiner were warranties. Whether or not such statements are warranties depends upon the policy itself, whether they are covered by or referred to therein and are agreed to be taken as warranties. 58 Ark. 528; 59 Ill. 123; 2 So. 125.

Statements contained in an application for life insurance will not be construed as warranties unless both the provisions of the application and the policy, taken together, leave no room for any other construction, 39 L. R. A. 326; 111 U. S. 335; 188 U. S. 726.

2. The court was right in modifying the first instruction;

and even then it was too broad, and more favorable to appellant than the law required. 94 Ark. 390; 58 Ark. 528; 72 Ark. 620; 29 S. E. 615; 102 N. W. 1020; 52 S. W. 862; 107 Fed. 402; 12 Am. St. Rep. 393.

HART, J., (after stating the facts). The correctness of the modification to the defendant's instruction depends upon whether or not the answers to the questions made by the applicant, as set out in the statement of facts, were warranties or representations merely. In the case of *Providence Life Assurance Society* v. *Reutlinger*, 58 Ark. 528, the court said: "Statements or agreements of the insured which are inserted or referred to in a policy are not always warranties. Whether they be warranties or representations depends upon the language in which they are expressed, the apparent purpose of the insertion or reference, and sometimes upon the relation they bear to other parts of the policy or application. All reasonable doubts as to whether they be warranties or not should be resolved in favor of the assured." (Citing authorities.)

The policy itself is the contract for insurance. In the case at bar the policy was not introduced in evidence, and, so far as the record discloses, the application was not inserted in it, nor was it referred to in any way in the policy. A warranty, being a part of the contract itself, as contradistinguished from a representation, which is a mere inducement to the policy, must necessarily appear in the contract itself in express terms or be so referred to in the policy as to clearly indicate that the parties intended it to form a part of the contract. *Spence* v. *Central Accident Ins. Co.*, 236 Ill. 444, 19 L. R. A. (N. S.) 88; *Mutual Benefit Life Ins. Co.* v. *Robertson*, 59 Ill. 123, 14 Am. Rep. 8; *Daniels* v. *Hudson River F. Ins. Co.*, 12 Cush. (Mass.) 418, 59 Am. Dec. 192. Moreover, the language of the application shows that the answers to the questions propounded to her were intended by the parties to be representations merely, and not warranties.

It follows that, the application not being a part of the policy, any statements contained therein are representations and not warranties. A warranty differs from a representation in creating an absolute liability, whether made in good faith or not. The reason is that a noncompliance with a warranty operates as an express breach of the contract, while a misrepresentation

renders the policy void on the ground of fraud. The questions propounded in the application, as set out in the statement of facts, call for answers founded on the knowledge or belief of the applicant, and in such cases a misrepresentation or omission to answer will not avoid the policy unless wilfully or knowingly made with an attempt to deceive. 25 Cyc. 801, and cases cited. See also *Reppond* v. *Nat. Life Ins. Co.*, (Tex.) 11 L. R. A. (N. S.) 981; *Aetna Life Ins. Co.* v. *Rehlaender*, 68 Neb. 284, 4 A. & E. Ann. Cas. 251.

The plaintiff introduced testimony tending to show that neither the applicant nor her mother or brothers or sisters had consumption at the time her application was made for insurance.

The right of the plaintiff to recover depended upon whether or not the answers of the applicant to the questions propounded to her were made in good faith or not. Hence the court did not err in modifying the instructions asked by the defendant.

Therefore the judgment will be affirmed.