AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS *v.* George W. REEVES

5-5286 455 S. W. 2d 932

Opinion delivered June 29, 1970

 

*Pope, Pratt, Shamburger, ·Buffalo & Ross,* for appellant.

*Paul F. Henson,* for appellee.

FRANK HOLT, Justice. This is a suit by appellee to recover benefits provided by a Franchise Group Cancer Policy issued by appellant.

On August 17, 1966, appellee signed an application for a policy of insurance covering both himself and his wife which provided benefits for hospital services and other expenses caused by cancer. Appellant issued this policy, dated September 1, 1966, to appellee for which the premium was paid. According to the terms of the policy, it was issued solely and entirely upon the written answers to the questions contained in the application. The questions, and portions thereof pertinent to the present suit, are as follows:

1. To the best of your knowledge, does any member of the family group to be insured now have or ever had cancer?

2. To the best of your knowledge, has any member of the family group to be insured ever had:
 (a) lumps, growths, or swellings;
 (b) sores that have not healed;
 (c) coughed or vomited blood;
 * * *

3. To the best of your knowledge, has any member of the family group to be insured, been under medical treatment during the past six (6) months?

4. If the answer to Question 1, 2 or 3 is "yes", use this space to indicate the name of the person treated, date treated, name and address of the attending physician, cause for hospitalization or treatment.

Appellee answered questions 1, 2 and 3 in the negative, leaving question 4 blank.

Approximately ten months subsequent to the issuance of the policy, it was discovered that appellee's wife, Mrs. Reeves, was suffering from what appeared to be cancer. Appellee filed a claim which was promptly denied by appellant. On June 26, 1968, appellee filed suit against appellant and prayed damages in the amount of $5,070.00, 12% penalty, reasonable attorney's fee, and costs. Appellant answered with a general denial. Mrs. Reeves died from cancer on November 19, 1968, and thereafter appellee amended his complaint to allege damages of $7,020.00, 12% penalty, attorney's fee, and costs. Appellant filed an answer to this amended complaint, asserting by way of affirmative defense that appellee had made misrepresentations in his application for the policy which were fraudulent and material to the risk and that if the true facts were known, the certificate of insurance would not have been issued to insure appellee's wife. Also, it was pleaded in the alternative that sufficient diagnosis was not furnished and, further, that the benefits claimed exceeded the benefits payable. The case was submitted to the court sitting as a jury; and the court granted judgment for appellee in the amount of $2,064.00, plus 12% penalty of $247.68, plus attorney's fee of $500.00. From that judgment appellant brings this appeal.

We discuss in inverse order the first two points which appellant asserts for reversal, namely:

I

The court erred in excluding the testimony of Pekar [a soliciting agent] concerning the underwriting rules of appellant.

## II

The uncontroverted evidence shows that there was a misrepresentation in the application which was material to the risk and that if the true facts had been made known, the policy would not have been issued and judgment should therefore have been for appellant.

A determination of these two points requires an ·examination of Ark. Stat. Ann. § 66-3208 (Repl. 1966). This statute provides:

(1) All statements in any application for a life or disability insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(a) Fraudulent; or

(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount or at the same premium or rate, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

Subsections (a), (b) and (c) constitute affirmative defenses which the insurer must plead and prove by a preponderance of the evidence if it is to prevail. *Continental Cas. Co.* v. *Campbell,* 242 Ark. 654, 414 S. W. 2d 872 (1967).

Appellant contended at trial and argues here on appeal that there were two misrepresentations perpetrated by appellee in that he answered "no" to questions 1 and 2 in the application for insurance. To support its position, appellant introduced evidence tending to show that Mrs. Reeves had had her left eye removed because of a malignant tumor or growth some seven or eight years prior to the effective date of the policy. Appellee, however, testified that neither he nor his wife had ever been informed that the eye was removed as a result of a cancerous condition. In the application form provided by the appellant, the pertinent questions relative to the alleged misrepresentations are qualified by the prefacing words: "To the best of your knowledge * * *." Ark. Stat. Ann. § 66-3208 provides that answers to the questions in an application are representations and not warranties; therefore, in view of the above quoted prefacing words to the questions in the application, a misrepresentation could occur only if the applicant answered those questions contrary to his knowledge of the true facts.

We have had previous occasion to state:

"The questions propounded in the application * * * call for answers founded on the knowledge or belief of the applicant, and in such cases a misrepresentation * * * will not avoid the policy unless willfully or knowingly made with an attempt to deceive."

*Metropolitan Life Ins. Co.* v. *Johnson,* 105 Ark. 101, 150 S. W. 393 (1912). Although this case, since it was decided long before the enactment of § 66-3208, distinguishes the effect of representations from that of warranties, its rationale is, nonetheless, cogent to the case at bar where the application for insurance expressly required answers only to the best of the applicant's knowledge. The trial court here, in granting judgment for appellee, necessarily found that the questions were not fraudulently answered; and certainly we cannot say, as a matter of law, that this finding was against the

weight of the evidence. *Aetna Life Ins. Co.* v. *Mahaffy,* 215 Ark. 892, 224 S. W. 2d 21 (1949).

The appellant, however, pleaded at trial and asserts on appeal its affirmative defense, pursuant to subsection (c) of § 66-3208 that had the true facts been known, the certificate of insurance would not have been issued to insure Mrs. Reeves. As noted above, subsection (c) provides that recovery may be prevented if "[t]he insurer in good faith would * * * not have issued the policy * * * if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise." Logically, in the circumstances of the case at bar, this affirmative defense cannot be construed to be affected by the "[t]o the best of your knowledge" qualifying phrase in the questions of the application. The "true facts" referred to in subsection (c) relate to whether or not there was a pre-existing malignant growth, as contended by appellant, and not to whether the appellee had actual knowledge of this condition.

Appellee, on cross-examination, stated that he was aware that the removal of his wife's left eye was required because of a growth, although "no one ever told me" it was cancerous. Appellant argues that this prior knowledge of the growth established a fraudulent misrepresentation since appellee answered "no" to question 2 in the application—*i. e.*: "To the best of your knowledge, has any member of the family group to be insured ever had: (a) lumps, growths, or swellings; * * * ." Appellee, however, gave this explanation for his answer: "* * * It didn't show. As far as being a lump or anything else, I don't know whether it was or not." The total context of question 2 (*i. e.*, "(a) lumps, growths, or swellings; (b) sores that have not healed;" etc.), must be considered, and apparently the trial court believed the appellee's version that the question referred to external or visible growths. We cannot say that there was substantial evidence from which the trial court could have found that appellee gave a fraudulent opinion. See *Continental Cas. Co.* v. *Campbell, supra.*

Nonetheless, appellee appears to have had firsthand knowledge of a growth; and his testimony, therefore, was sufficient to establish the fact that Mrs. Reeves had a growth prior to the application for insurance. From this, appellant could have properly asserted its subsection (c) affirmative defense.

We now come to appellant's assertion that the exclusion of the testimony of its former soliciting agent, Herbert Pekar, was error. We must agree this requires reversal. In an effort to prove that it would not in good faith have issued its policy if the true facts were known, appellant attempted to introduce evidence regarding its practice of accepting or rejecting applications through the testimony of Pekar, one of the two agents who presented the Franchise Group Cancer Policy to the group which included Reeves and who were responsible for forwarding any applications to the appellant. Appellee objected to Pekar's testimony in that as a mere soliciting agent, he was not competent to state appellant's underwriting procedure for accepting or rejecting applications. The objection was sustained, and appellant made an offer of proof by Pekar that he was directed not to send any application into the home office wherein either question 1 or 2 was answered in the affirmative. We think this proffered testimony was admissible. See *Lin Mfg. Co. of Arkansas, Inc., et al v. Courson,* 246 Ark. 5, 436 S. W. 2d 472. It was prejudicial error to exclude Pekar's testimony since appellant had the burden of proving its subsection (c) affirmative defense that its agent would not have forwarded the application. Of course, Pekar, if allowed to testify in this regard, would have been subject to cross-examination as would any other witness, or appellee might have produced witnesses to refute his testimony. Further the fact that he was an employee of appellant can be said to touch upon his credibility. See *Old Republic Ins. Co. v. Alexander,* 245 Ark. 1029, 436 S. W. 2d 829.

The offer of proof by Pekar as to question no. 2 in the application appears deficient as to materiality. In order to prevail in its subsection (c) defense, ap-

pellant must show that the growth was material to its risk. In *Life & Cas. Ins. Co.* v. *Smith*, 245 Ark. 934, 436 S. W. 2d 97, we said:

> "If the matter omitted or incorrectly stated could logically have no bearing on the assumption of the risk then it could not be successfully argued that the insurer's 'good faith' defense should prevail."

Finally, if the appellee should again be successful at a retrial of this cause, his recovery must be limited to the expenses incurred subsequent to the time that Mrs. Reeves' condition was first sufficiently diagnosed in 1968 as cancer as required by the terms of the insurance contract.

Reversed and remanded.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I do not agree that subsection (c) of Ark. Stat. Ann. § 66-3208 (Repl. 1966) may be invoked on the basis of the true facts, without regard to the qualifying words "[t]o the best of your knowledge" prefacing the questions in the application. By its own words, this subsection relates only to risks which would have been refused, or which would have been accepted only on a conditional or limited basis, or at a higher premium, if the true facts had been made known to the insurer "as required either by the application for the policy or contract or otherwise." The application for the policy or contract required a good faith answer to the best of appellee's knowledge only. As pointed out in the majority opinion, there was substantial evidence that the answer of appellee as to his lack of knowledge of his wife's previous cancer was not a misrepresentation, omission, concealment or incorrect statement.

At least as to the answer to question 1, this makes the premise of the majority opinion that the "true facts" that there was an earlier malignancy dependent

upon the words "or otherwise." If these words are to be given their broadest general meaning so that the insurance company could use this section as a defense in any case where the "true facts" with reference to an increased hazard have been disclosed by any means from any source, then the drafters of the code have been guilty of a shameful waste of verbiage. They should have put a period in subsection (c) after "known to the insurer." They could also have economized on words by eliminating the word "made" immediately preceding. They should not be given such a broad general meaning. The words "or otherwise" obviously relate to the words "as required by the application," so that the alternatives are:

> * * * if the true facts had been known to the insurer (1) as required by the application for the policy or contract, or

> (2) as required otherwise.[1]

This construction is mandatory because all of §66-3208(1) relates to statements by an insured or annuitant in an application for a policy or a contract, or in negotiations for a policy or a contract. If there were not negotiations other than through application the statutory provision would have ended with the words "application for the policy or contract" omitting the alternative provided by the words "either" and "or otherwise."

Consequently, the true facts do relate to appellee's knowledge of conditions because of the wording of the questions in the application, in keeping with the language "as required * * * by the application * * * or [as required by appellant] otherwise." Since there was substantial evidence that Reeves did not know his wife had previously had cancer, the judgment should stand insofar as that question is concerned because Pekar's

---

[1]For an application of the words in a statute, see *Monroe* v. *Monroe*, 226 Ark. 805, 294 S. W. 2d 338.

proffered testimony would have had no bearing at all,[2] in view of the finding that Reeves' answer to question 1 was neither a misrepresentation, concealment nor incorrect statement.

I realize that the majority opinion is hinged partially upon the evidence showing clearly that appellee did know that his wife had previously had a growth. Whatever misrepresentations, concealment or incorrect statement was involved here did not entitle appellant to cancel the policy or constitute a defense to appellee's claim. No evidence was offered by appellant, through Pekar or anyone else, to show that the company would reject the application, that the agent would not be permitted to accept it or send it into the home office, that the company would not have issued the policy or that the premium would have been increased, that the policy would have been limited in amount or coverage, or that the statement was material to acceptance of the risk or the hazard assumed, if the answer to question 2 was in the affirmative. Pekar's testimony in this regard was significantly limited to the effect of an affirmative answer to question 1. He only stated that, in case of an affirmative answer to question 1 or 2, the applicant would have been required to indicate the name of the person treated, the name and address of the attending physician, and the cause for hospitalization or treatment. Weirdly enough, the question with reference to lumps, growths or swellings is not limited to those for which a member of the family had been treated, attended or hospitalized. Perhaps the failure of appellant to pursue this facet of the case was deliberate and significant. We certainly should not say that the fact that a member of the family once had a lump, growth or swelling was, as a matter of law, material to the acceptance of the risk or that the company would necessarily have rejected the application or limited the policy.

I would, however, modify the judgment because I

---

[2] I agree that Pekar's testimony was admissible, but the court's later finding made its exclusion harmless error.

feel that the the policy limits benefits to a period beginning 10 days before diagnosis. Under the evidence here, only $920 in benefits accrued after the earliest possible beginning date. I would reduce the judgment from $2,064 to $920. This would automatically eliminate penalties and attorney's fees. Even if the full judgment were affirmed, there was never a time when appellee claimed, or when appellant could have confessed judgment to, an amount that small, so I agree that the award of penalty and attorney's fees was error.