CITIZENS BANK OF JONESBORO, ARKANSAS, Appellee,

v.

WESTERN EMPLOYERS INSURANCE COMPANY, Appellant.

No. 88–1696.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1988.

Decided Jan. 20, 1989.

---

Hugh C. Griffin, Chicago, Ill., for appellant.

Griffin Smith, Sr., Little Rock, Ark., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FAGG, Circuit Judge.

Western Employers Insurance Company (Western) appeals the district court's decision in this declaratory judgment action. The court determined a Western insurance policy provided coverage to Citizens Bank of Jonesboro, Arkansas (Citizens Bank), for claims arising from the default of a municipal bond issue. We affirm.

In 1982, Citizens Bank agreed to serve as trustee for Tourism Revenue Bonds issued by the City of Camden, Arkansas. On June 1, 1984, the bonds went into default. On September 18, 1984, two officers of Citizens Bank completed an application form for a Western errors and omissions insurance policy to cover Citizens Bank's trust department. Question 24 on the form consists of the following:

> Is the undersigned or any Director, Officer or Employee of the Trust Department(s), its subsidiary(ies), or affiliate(s) aware of any fact, circumstance or situation involving the Trust Department(s), its subsidiary(ies) or its affiliate(s) which he has reason to believe might result in any future claim which would fall within the scope of the proposed insurance? If yes, please provide details by attachment.

Plaintiff's Ex. 1.

The officers who signed the application on behalf of Citizens Bank responded "No" to this question. The application also states that an affirmative answer to question 24 would exclude from coverage any future claims arising from facts described in response to the question. In addition, the officers declared as part of the application that they had made reasonable efforts to obtain information sufficient to complete the form accurately.

In 1986, a class action was brought on behalf of the Camden, Arkansas, bondholders against Citizens Bank and others seeking to recover losses brought about by the bond default. Citizens Bank then brought this action to declare the rights of the parties under Western's errors and omissions insurance policy with regard to the bondholders' claims against Citizens Bank.

In the district court, Western contended its policy did not provide coverage of the bondholders' claims for two reasons. First, Western claimed the Citizens Bank officers, although not engaging in fraud, did make a material misrepresentation, omission, or incorrect statement when they failed in responding to question 24 to identify the defaulted bonds as a source of potential litigation. Western presented testimony that if it had known of the facts and circumstances surrounding the bond issue, it would not have issued the errors and omissions policy. *See* Ark.Stat.Ann. § 66–3208 (1980) (current version at Ark. Code Ann. § 23–79–107 (1987)). Second, Western claimed that despite the officers' declarations to the contrary, they did not make reasonable efforts to obtain information that would enable them to complete the application accurately—meaning disclosure of the defaulted bonds.

The district court found that taking into account "the rather broad question" asked, the Citizens Bank officers "were justified on September 18, 1984[,] in believing that no claims would result against [Citizens Bank's] [t]rust [d]epartment out of the Camden bond issue." The court thus found that no misrepresentation, omission, or concealment of fact occurred in the application process. In addition, the court found the Citizens Bank officers had acted reasonably in investigating the pertinent facts and in relying on the professional opinions of others experienced in the municipal bond field before completing the application. For these reasons, the district court declared Western's insurance policy provided coverage for the claims asserted.

On appeal Western contends: (1) the district court improperly employed a subjective, "personal belief" standard to evaluate the Citizens Bank officers' answers to the future claims question; and (2) even if the standard used by the district court was permissible, its findings that no misrepresentation, omission, or concealment occurred and that the officers undertook reasonable investigation were clearly erroneous. We reject each of these contentions.

■ First, we believe Western's initial argument misses the mark in view of the question the district court was called upon to analyze. The language of question 24 calls for the applicant's belief about whether any known fact or circumstance might give rise to a future claim. The question thus contains a judgmental component and implicitly acknowledges the lack of absolute certainty in the answer. As the district court noted, the question does not request information about improper release of trust account funds. It does not inquire whether Citizens Bank was acting as trustee for any bond issue that was in default or in danger of default. The question simply asks whether the applicant was aware of any fact or circumstance that the applicant "ha[d] reason to believe might result in any future claim."

We conclude the district court has correctly applied Arkansas law in this case. *See Wolverton Farmers Elevator v. First Am. Bank*, 851 F.2d 223, 225 (8th Cir.1988) (per curiam). The court correctly recognized in its consideration of question 24 that when a question calls for an answer based on interpretation of known facts and circumstances, as distinguished from a simple disclosure of historical facts, the response is measured under Arkansas law by whether the individual answering the question was justified in the belief expressed. *See American Family Life Assurance Co. v. Reeves*, 248 Ark. 1303, 455 S.W.2d 932, 935 (1970); *see also Union Life Ins. Co. v. Davis*, 247 Ark. 1054, 449 S.W.2d 192, 195 (1970). We thus find no basis for Western's contention that the district court's analysis is at odds with applicable Arkansas law.

■ For essentially the same reasons, the cases relied on by Western do not support its argument that the answers to question 24 were misrepresentations, omissions, or incorrect statements. Those cases involved answers to objective inquiries about historical facts, and the applicant's personal belief about those facts, however sincerely held, was not a factor in evaluating the truth of the answer given. *See, e.g., Jackson v. Prudential Ins. Co. of Am.*, 736

F.2d 450, 453–54 (8th Cir.1984) (applying Arkansas law); *Findley v. Time Ins. Co.,* 269 Ark. 257, 599 S.W.2d 736, 737–39 (1980); *American Family Life Assurance Co.,* 455 S.W.2d at 934, 935–36; *Union Life Ins. Co.,* 449 S.W.2d at 193, 194–95.

Second, we have reviewed the evidence with regard to the quality of the answers given to question 24 and the officers' asserted reasonable investigation. Based on this review, we are convinced the district court's findings that the answers on the application were justified and that the officers undertook reasonable investigation are not clearly erroneous.

In sum, we find no reversible error in the district court's declaration that Western's errors and omissions insurance policy provided coverage to Citizens Bank's trust department for the claims made. Accordingly, we affirm the district court's decision.